## James M. Ingraham vs. Jeremiah Martin.

The action of replevin cannot be maintained, unless the plaintiff have the right to immediate possession of the property.

Thus where there is an agreement in a mortgage of personal chattels, that the mortgagor shall retain the possession for a stipulated time, the mortgagee cannot maintain replevin therefor until the time has expired.

But if the plaintiff have a right to the possession at the time of the trial, the defendant cannot have judgment for a return of the goods.

REPLEVIN for articles of household furniture. The defence was, that the furniture was the property of *B. T. Ingraham*, and attached as his property by the defendant, a deputy-sheriff. The plaintiff introduced a bill of sale of the property from *B. T. Ingraham* to himself, dated *Oct.* 14, 1837, with a provision in the same instrument, that it should be void, if the said *B. T. Ingraham* should pay certain notes from him to the plaintiff, and " provided also, that it shall and may be lawful for said *Benjamin* to continue in possession of the above named furniture without denial or interruption by said *James M.* until the 14th of *October*, 1839." The attachment was made, and the writ of replevin sued out after the delivery of the mortgage, and before the 14th of *October*, 1839. The counsel for the defendant insisted, that as the plaintiff had shown by his bill of sale, that he had no right to the possession of the property, until *Oct.* 14, 1839, he had no right of action, and should be nonsuited. EMERY J. with the intention of obtaining all the facts, declined to order a nonsuit, and the trial proceeded. The mortgage was made in the room where the furniture was, and the mortgagor pointed out the property to the mortgagee, made a verbal delivery, and gave it up to him, but the plaintiff did not touch or move any article, and took no other delivery. The defendant's

counsel then contended, that there was no sufficient delivery to defeat the claims of creditors. The Judge instructed the jury, that if they believed the witnesses, the delivery was sufficient. On the whole case the jury found a general verdict for the plaintiff, which was to be set aside, if the instructions were incorrect, and a nonsuit was to be entered, if the action could not be maintained.

The case was submitted on the briefs of counsel.

*A. Haines,* for the defendant.

As the plaintiff had no right to the possession of the property until *October* 14, 1839, he had no right of action, when he commenced his suit. *Co. Lit.* 145, *b;* 1 *Chitty's Pl.* 159; 7 *T. R.* 9; 15 *East,* 607; *Wyman* v. *Dorr,* 3 *Greenl.* 183; *Wheeler* v. *Train,* 3 *Pick.* 255. *B. T. Ingraham* was the only person, who could maintain the suit for a wrongful taking before *Oct.* 14, 1839. *Ricker* v. *Kelley,* 1 *Greenl.* 117.

*Fessenden & Deblois,* for the plaintiff, said that they should not contend, that where goods were leased by the owner to the debtor for a term not expired, that the owner could maintain replevin; but insisted, that there was a distinction in their favor between that and the present case. The cases cited for the defendant, were all cases of absolute, unconditional leases. The present is the case of mortgaged chattels, and the mortgagee may maintain replevin. The cases all concur in saying, that there is no difference between replevin and trover, and where the latter will lie, the former will also. The possession of the mortgagor is the possession of the mortgagee, and we are entitled to maintain our action. *Melody* v. *Chandler,* 3 *Fairf.* 283; *Brinley* v. *Spring,* 7 *Greenl.* 241; *Lunt* v. *Whitaker,* 1 *Fairf.* 311; *De Wolf* v. *Harris,* 4 *Mason,* 534; *Homes* v. *Crane,* 2 *Pick.* 607; 1 *M. & S.* 334; 5 *Johns. R.* 258; 2 *Hall's Sup. C. Rep.* 82; 1 *Ld. Raym.* 724; *Pickard* v. *Low, in Penobscot, not reported, (ante, p.* 48;) *Fobes* v. *Parker,* 16 *Pick.* 462.

The opinion of the Court, after a continuance, was drawn up by

Weston C. J. — By the instrument, under which the plaintiffs acquired title to the property in question, *Benjamin T. Ingraham,* the original owner, was to retain possession, "without denial or interruption" from the plaintiff, for the period of two years, which

had not elapsed, when this action was instituted. Having no right to possession at the time, according to the cases of *Wyman* v. *Dorr,* 3 *Greenl.* 183, of *Wheeler* v. *Train,* 3 *Pick.* 255, and of *Collins* v. *Evans,* 15 *Pick.* 63, the plaintiff could not maintain replevin. These cases are exactly in point, from which the one before us cannot be fairly distinguished. The mortgagor of personal property generally holds possession at the will of the mortgagee, who may terminate it at pleasure. Having the right of immediate possession, he may therefore maintain trover or replevin. It is otherwise where he has invested the mortgagor with the right of possession for a definite period, which has not elapsed. This is clearly shown by the cases before cited, to which reference may be had for the authorities, upon which they rest.

In *Wheeler* v. *Train,* there was a stipulation, in a separate instrument, that the vendor might remain in possession for one year. This was held not to be conclusive evidence, that the sale was fraudulent; but it was not held that, if the transaction had been a mortgage, the mortgagee could have maintained replevin during the year. In *Holmes* v. *Crane,* 2 *Pick.* 607, the mortgagee reserved to himself the right to take possession on demand, whereby the mortgagor became, as in other cases, his mere tenant at will. In *De Wolf* v. *Harris,* 4 *Mason,* 534, the mortgagee reserved to himself the same privilege.

In *Melody* v. *Chandler,* 3 *Fairf.* 283, *O'Reilly,* the original owner, was held, under the circumstances of that case, to have retained the possession, merely as the servant or agent of the plaintiff.

The verdict is set aside, the plaintiff is to become nonsuit, and the defendant to have judgment for his costs. As the jury have found the property in the goods to be in the plaintiff, and as he has now a right to the possession, the two years having terminated, the defendant is not entitled to a return. Nor can he, for the same reason, have judgment for damages, the interest of the debtor in the goods being of no available value to the attaching creditor.