JAMES HALPIN, Respondent, v. A. J. MANNY, Appellant.

### St. Louis Court of Appeals, January 7, 1889.

1. **Contract:** SUBSTITUTED ARTICLES.   In a suit on a contract, whereby the plaintiff was to furnish to the defendant a furnace having all its pipes made of a specified description and quality of tin, and the undisputed facts were, that one of the pipes furnished was not of tin, and all the others were of an inferior quality and a different kind of tin from what was required by the contract, the court erred in refusing an instruction in the nature of a demurrer to the evidence.

2. **Pleading:** ADMISSIONS IN ANSWER.   An admission in the defendant's answer, that the plaintiff did place a furnace in the defendant's house and made the hot-air connections with hot-air pipes, and furnished smoke-pipe and cold-air pipe, cannot be construed into an admission that the pipes were of the kind and quality described in the contract.

3. **Contract:** SUBSTITUTION BY CONTRACTING PARTY.   A contracting party has no right, without the consent of the other party, to furnish an article wholly different from the one demanded by his contract, because the substituted article is better than that which the contract specifies.

*Appeal from the St. Louis City Circuit Court.*—HON. SHEPARD BARCLAY, Judge.

REVERSED AND REMANDED.

*Taylor & Pollard,* for the appellant.

When work is done under a special contract and suit is brought thereon, the plaintiff cannot recover unless he shows strict compliance with the contract. *Eyerman v. Cemetery Ass'n,* 61 Mo. 489 ; *Davis v. Brown,* 67 Mo. 314.; *Lowe v. Sinklear,* 27 Mo. 310 ; *Yates v. Ballentine,* 56 Mo. 537 ; *Marsh v. Richards,*

29 Mo. 105; *Lee v. Ashbrook*, 14 Mo. 378; *Stottlemeyer v. Bobb*, 7 Mo. App. 578; *Curtis v. Stewart*, 12 Mo. App. 590. At the close of plaintiff's case in chief, an instruction to the effect that plaintiff could not recover was asked, but refused. At the close of all the evidence instruction D was asked, directing the jury, on the case as made, to find for the defendant, and this, too, the court refused to give. Both were insisted upon, and are now insisted upon, on the ground that plaintiff failed to make out his case, so far as the quality of material was concerned entering into this pipe, as well as the material entering into the hot-air pipes. When the testimony is clear and conclusive an instruction may assume the facts sworn to, and it will not be a reversible error. *Fields v. Railroad*, 80 Mo. 206; *Slayback v. Gerkhardt*, 1 Mo. App. 333; *Caldwell v. Stephens*, 57 Mo. 589; *Barr v. Armstrong*, 56 Mo. 577; *Mauerman v. Siemerts*, 71 Mo. 105.

*William B. Thompson*, for the respondent.

The plaintiff is entitled to recover on the contract in this case because it appears that he was ready to perform the contract and the defendant forbade the performance of the work, and such a refusal to permit the work to proceed is equivalent to the performance of the contract. *Pond v. Wyman*, 15 Mo. 116; *Steinberg v. Gebhardt*, 41 Mo. 519; *Nearns v. Horbert*, 25 Mo. 352; *Stumpf v. Mueller*, 17 Mo. App. 290; *Little v. Mercer*, 9 Mo. App. 218; Benjamin on Sales [4 Ed.] 566; *Fitzgerald v. Hayward*, 50 Mo. 524; *Bean v. Miller*, 69 Mo. 384; *Park v. Kitchen*, 1 Mo. App. 358; *Baker v. Railroad*, 19 Mo. App. 321; *Dobbins v. Edwards*, 18 Mo. 307. The answer not only fails to deny what the petition avers as to the furnishing of the furnace and its connections and pipes, but expressly admits that such materials were furnished, and such facts, therefore, become indisputable on trial. Because the

defendant's answer must be construed as pleading both ways. Because the defendant's answer is so drawn that the court can well assume that the materials alleged to be furnished by plaintiff were admitted. *Wright v. Butler*, 64 Mo. 165 ; *Edmondson v. Phillips*, 73 Mo. 62 ; *Pry v. Railroad*, 73 Mo. 123. It is asserted that the answer of defendant in this case is so drawn that plaintiff can well assume that the materials furnished by plaintiff as alleged were admitted. *Long v. Long*, 79 Mo. 644.

THOMPSON, J., delivered the opinion of the court.

This action is brought to recover the sum of two hundred and ninety dollars, being the price which the defendant agreed to pay to plaintiff for placing in his house a furnace of a certain description. The contract contained a guarantee that the furnace, when completed, would heat all parts of the house supplied with registers, at the same time, to eighty degrees Fahrenheit, with the outside temperature at zero, with either hard or soft coal. It further provided that no payment should become due or be demanded until a trial of the furnace should be made to the satisfaction of the defendant, and that if the furnace should fail in any point to meet the guarantee, the plaintiff would remove the same from the defendant's house without expense to him. The petition alleged performance of the contract, by placing in the defendant's house a furnace of the description therein named, but excused the performance of the guarantee that it should heat all parts of the house at the same time to eighty degrees Fahrenheit, with the allegation that the defendant prevented the plaintiff from setting the furnace so that it would thus heat the house. The answer, after a general denial, "except as hereinafter expressly admitted," set out the contract, admitted that a furnace of a certain description was by the plaintiff placed in the defendant's house,

and then alleged a failure of the guarantee, and asserted that the furnace was worthless for the purposes intended, and that the defendant had given the plaintiff notice to remove the same from the premises. A reply denies the allegations of the answer and reiterates that the plaintiff was prevented from making any test of the furnace by reason of the refusal of the defendant to permit the plaintiff or his employes to construct the furnace or test the same as provided by the contract; and avers that it was built according to the direction of the defendant, by reason of which fact the plaintiff was released from the guarantee in the contract.

The contract provided that all pipes should be of "X bright tin." There was no substantial evidence that any of the pipes were made of "X bright tin." There was evidence that the supply-pipes conducting the hot air from the furnace to portions of the house were made of a quality of tin known as "I C tin", which is of an inferior quality to "X bright tin", and this evidence was not rebutted by the plaintiff. The evidence, moreover, indisputably showed that the pipe which introduced the cold air from the outside was not made of tin at all, but was made of galvanized iron. The evidence also showed that the furnace failed to comply with the guarantee, and that the defendant had been obliged for that reason to remove it from his house and to heat his house with grates. But the plaintiff gave evidence tending to show that the reason why the furnace developed no better heating power was that the defendant refused permission to the plaintiff's workmen to cut new holes for the insertion of the hot-air pipes so as to give them that upward slope which was required in order to give the hot air a sufficiently rapid movement from the furnace to the portions of the house intended to be heated ; and the defendant's evidence was more or less to the contrary. We shall not go into this element of the case, although it was the principal struggle

between the parties in the trial court; because it appears, for other reasons, that the plaintiff was not entitled to recover upon this contract.

At the close of the whole case, the defendant requested an instruction in the nature of a demurrer to the evidence, which was refused. It is now insisted that he was entitled to this instruction, because the evidence indisputably showed that the furnace which was placed in the defendant's house was not of the description required by the contract, in that the heat-pipes were not of "X bright tin", and in that the cold-air pipe was not of tin at all. The court submitted the case to the jury upon an instruction which authorized them to find for the defendant if they should find that the hot-air pipes were not of the quality of "X bright tin", but did not instruct them that they should also find for the defendant if they should find that the cold-air pipe was not made of "X bright tin." A compliance with the terms of the contract in these particulars was a condition precedent to the right of the plaintiff to recover, as there was no testimony tending to show that the defendant in any way prevented him from so complying with it. *Egerman v. Mount Sinai Cemetery Ass'n*, 61 Mo. 490. The defendant was therefore entitled to his instruction that the plaintiff could not recover, and the court therefore erred in submitting to the jury the question whether the hot-air pipes were made of "X bright tin", when there was no evidence tending to show that they were made of such tin, and when the evidence speaking upon the question was to the contrary,—the burden of showing that they were so made being upon plaintiff. This conclusion is sought to be avoided on the ground that it is admitted in the answer that the furnace which was placed in the defendant's house conformed to the requirements of the contract, except in respect of the guarantee. We are of opinion, reading the petition and answer together, that a fair interpretation of the answer does not show that it makes such an

admission.  The petition recites that the plaintiff " did connect the said furnace, together with the smoke-pipe and cold-air pipes all complete, and did furnish all of the materials therefor, in accordance with said contract, and in accordance with the directions of the said defendant."  The answer admits " that plaintiff placed in the house in question a number 70 furnace, and built the same in brick, and made the hot-air connections with hot-air pipes then in said house and furnished additionally one extra register, 18 x 24, with border, and smoke-pipe and cold-air pipe."  We see in this language no admission that the pipes were of the quality described in the contract.  Even if there had been on the evidence a question fairly to be submitted to the jury as to whether the hot-air pipes were made of " X bright tin ", yet there was no such question in respect of the cold-air pipe, and the court, in the instructions given of its own motion, seems to have proceeded upon some sort of idea that compliance with this part of the contract was not necessary.  It was argued to us at the bar that no cold-air pipe in a house furnace is ever made of tin.  We do not know whether it is or not.  It is a question of which we cannot take judicial notice.  But whether it is or not would not make a shadow of difference.  The plaintiff and the defendant agreed with each other that all the pipes of this furnace should be made of " X bright tin "; and, although galvanized iron may have been in fact a better or even more expensive material for the cold-air pipe than " X bright tin ", and although every other furnace in the city may be supplied with a cold-air pipe of galvanized iron, that would make no difference with the defendant's rights under this contract.  He is entitled to have it performed according to its terms, and he would have been so entitled if he had agreed that the cold-air pipe should be made of common brown paper.  The conception which obtains among many business-men that they discharge a contract

to do one thing by doing something else equally good, is one in which the courts ought not to assist them. They do not discharge a contract in this way unless the other contracting party* waives compliance with the contract according to its terms and accepts what is done in lieu of performance.

The judgment will be reversed and the cause remanded. All the judges concur.