HUGH M. LEWIS, Respondent, v. H. B. VAN HOOSER, Appellant.

Kansas City Court of Appeals, February 7, 1921.

1. **JUDGMENT:** Attorney and Client: Abandonment of Cause by Counsel, Without Notice to Client, Sufficient to Set Aside Default Judgment. Where an attorney abandons a case, without notice to the defendant, who had a good defense on the merits, and was not guilty of negligence, a default judgment rendered against him, without giving him a reasonably sufficient time to enable him to secure other counsel will be set aside.

2. **CONTRACTS:** Breach: Exchange of Property: Plaintiff Alleging Breach Must Establish Performance on His Part. In an action for damages for breach of contract for exchange of property, each party being required to do certain things necessary to be done before an exchange could be enforced, plaintiff must establish the fact that he has performed, or offered to perform his part.

3. **JUDGMENT:** Default: Setting Aside Discretionary With Trial Court. The setting aside of a default judgment is within the discretion of trial court.

Appeal from the Circuit Court of Jackson County.— *Hon. Thomas B. Buckner,* Judge.

REVERSED AND REMANDED.

*Kirshner & House* for respondent.

*Marley & Reed* for appellant.

TRIMBLE, P. J.—On the 12th day of June, 1919, (May term of that year) judgment by default was rendered against defendant for $1000 as and for liquidated damages for failure to perform his part of a contract for the exchange of property.  At the same term, the defendant learned of it and, within four days after judgment, filed a motion for new trial supported by affidavits, showing that he had a good defense on the merits and that, without his knowledge, his attorney had abandoned the case and had taken the papers to another attorney who had refused to act in his stead, and that defendant's attorney had not told defendant of his abandonment of the case though he had seen him every day for about a week immediately preceeding date of the rendition of the judgment.  The affidavits show that the attorney's conduct was because of some real or fancied grievance he claimed to have; and that the defendant was not guilty of negligence.  "It has been frequently held that, where an attorney abandons the prosecution or defense of his client's cause without notice to such client, a reasonably sufficient length of time to enable him to secure other counsel should be given before judgment is taken against him, and, if judgment is rendered without giving him such time, it will be set aside upon a showing of such facts.  [Evans v. Terrell (Tex. Civ. App.), 95 S. W. 684;  Hall v. McConey (Mo. App.), 132 S. W. l. c. 620.]''

There were no counter affidavits filed in opposition; and the motion for new trial contained specifications of error aside from the one in reference to the setting aside of the judgment because of the reason above stated.

Among these is that there was no evidence introduced tending to show that plaintiff had performed or ever offered to perform the conditions and requirements to be performed by him.  And the record discloses that such is the fact.  The contract is one for the exchange of property and each party was to do certain things necessary to be done before an exchange could be enforced.  Where

this is the case the plaintiff must establish the fact that he has performed or offered to perform his part. [El Paso Milling Co. v. Davis, 183 S. W., 361, 362; Halpin v. Manny, 33 Mo. App. 388, 392; Cornett v. Best, 151 Mo. App. 546, 551.] Plaintiff alleged that he performed on his part but did not prove it. He contends that the evidence introduced by him shows that the necessity of his doing so was obviated. We do not think this was clearly shown; and besides, this is one of the things a trial would elucidate and determine, and is it not begging the question to say that plaintiff by his mere *ex parte* testimony has foreclosed it?

Again, it is contended by defendant that the $1000 in the contract was a penalty and not liquidated damages, and the testimony of plaintiff would seem to indicate that he so regarded it. But we should not decide, at this time, whether it was or not, preferring that such question be left for determination after all the facts have been developed.

It is urged that defendant is responsible for the negligence of his attorney. No doubt this is the rule; but should a client, who is without fault himself, be left helpless because of the wrongful conduct of his attorney? The setting aside of a judgment such as this, is within the discretion of the trial court, but it is a judicial discretion and is not without its limits; besides, the failure of the plaintiff to show that he substantially performed, or offered to perform, is sufficient to justify the granting of a new trial.

We are of the opinion that the court erred in not setting the judgment aside. It is therefore reversed and the cause is remanded for a new trial. All concur.