**Bruce WIPKE, Plaintiff-Appellant,**

v.

**LOUISIANA FARM SUPPLY, INC., Defendant-Respondent.**

**No. 43672.**

Missouri Court of Appeals, Eastern District, Division Three.

Sept. 22, 1981.

Jerry L. Suddarth, O'Fallon, for plaintiff-appellant.

David Duree, Leritz & Reinert, St. Louis, for defendant-respondent.

PUDLOWSKI, Judge.

Plaintiff, Bruce Wipke, appeals from a pretrial order issued by the court striking the pleadings of plaintiff and dismissing the complaint with prejudice, for failure to make discovery. Rule 61.01(b) and (d).

The chronology of events prior to the order is clear. Plaintiff filed his complaint in April, 1977. One month later defendant answered and filed its first set of interrogatories. On June 2, 1977, plaintiff filed an objection to interrogatories No. 11 and 12 which was subsequently overruled. At the same time plaintiff requested an additional 20 days to answer defendant's interrogatories. On September 29, 1977, defendant filed a motion seeking an order to compel plaintiff to answer the interrogatories. Plaintiff finally answered the interrogatories on November 4, 1977, with the exception of interrogatories No. 11 and 12.

During the next five months two depositions were taken. For ten months following the depositions, no action was taken by plaintiff's attorney to expedite the case. Finally, on February 17, 1979, plaintiff filed an amended petition. Defendant filed an answer. On May 4, 1979, plaintiff filed a supplemental answer to the first set of interrogatories filed by the defendant. This supplement, however, did not contain a response to interrogatories No. 11 and 12.

On August 15, 1979, defendant filed a second set of interrogatories, and a request for production of documents. Four months later on December 29, defendant filed another motion to compel discovery. On January 9, 1980, the case was placed on the trial calendar. Plaintiff's attorney objected to the trial setting on the grounds that discovery was not complete. This is not surprising, since counsel for the plaintiff had not instituted discovery proceedings during the preceding twenty months. On January 28, the judge issued an order in which plaintiff was given twenty days to answer interrogatories No. 11 and 12, answer the second set of interrogatories and produce the document requested. Forty days later plaintiff partially answered defendant's discovery request; plaintiff continued to refuse to answer interrogatories No. 11 and 12; plaintiff failed to answer interrogatories No. 17 and 18 which were included in defendant's second set of interrogatories; and, plaintiff failed to produce the documents requested by defendant.

On March 12, 1980, defendant filed a motion to dismiss plaintiff's complaint and for other sanctions for failure to make discovery. On July 8, the judge issued an order instructing plaintiff to answer all interrogatories and produce all requested documents within twenty-one days. Plaintiff did not comply. Acting under the same motion to dismiss, the court issued an order on September 3, precluding the plaintiff from introducing at trial any medical records not previously produced, and instructing plaintiff to produce the requested income tax returns within thirty days. In this order the judge stated that if the tax returns were not produced, the pleadings of the plaintiff would be stricken. Plaintiff failed to comply. On October 15, 1980 (fourteen months after the initial request for production of documents), the judge issued an order in response to the motion to dismiss, striking the plaintiff's pleadings and dismissing the case with prejudice to the plaintiff. Plaintiff filed a motion to set aside the dismissal order, which was denied, and this appeal followed.

Plaintiff contends in his sole point relied on that the trial court abused its discretion when the court dismissed his cause of action

with prejudice when the previous order stated that his pleadings would be stricken if he failed to comply with the order and made no mention of dismissing the case with prejudice. We find no merit in plaintiff's argument.

Rule 61.01(b) and (d) empower a court to strike pleadings and dismiss a case with prejudice against a party who fails to obey a discovery order. Further, "a trial court is vested with wide discretion to administer the rules of discovery." *Bethell v. Porter*, 595 S.W.2d 369, 377 (Mo.App.1980). We recognize that a dismissal with prejudice is "... a drastic punishment and is most aptly invoked where the party has shown a contumacious and deliberate disregard for the authority of the court." *In re Marriage of Dickey*, 553 S.W.2d 538, 541 (Mo.App.1977). The facts in this case demonstrate that the plaintiff's inertia flouted the court's authority,[1] and we find that the court did not unjustly abuse its discretion in dismissing plaintiff's cause of action with prejudice.

Judgment affirmed.

CRIST, P. J., and REINHARD and SNYDER, JJ., concur.

---

1. During the three and one-half years following the filing of defendant's first set of interrogatories counsel for the plaintiff failed to answer interrogatories No. 11 and 12, despite two orders by Judge Dalton directing plaintiff to answer. During the fourteen months following the filing of defendant's second set of interrogatories and request for production of documents, plaintiff's attorney failed to produce the requested documents and answer interrogatories No. 17 and 18, despite three orders by Judge Dalton directing plaintiff to do so.