**Judy McVEIGH, Plaintiff-Appellant,**

v.

**FAITH HOSPITAL ASSOCIATION, Defendant-Respondent.**

**No. 45204.**

Missouri Court of Appeals, Eastern District, Division Three.

Feb. 15, 1983.

Melvin D. Benitz, St. Charles, for plaintiff-appellant.

Sumner, Harris, Sumner & Croft, Clayton, for defendant-respondent.

CLEMENS, Senior Judge.

Plaintiff Judy McVeigh appeals from the prejudicial dismissal of her two count, three year old petition against her former employer defendant Faith Hospital Association. Therein she had alleged non-payment of wages for overtime and failure to give a proper statutory service letter.

Plaintiff McVeigh pleaded she was hired as an x-ray technician in 1973 and was discharged without cause in 1976. Two years later she filed this action. It took a tortuous course.

The hospital promptly answered and filed its first interrogatories. Plaintiff did not answer for three months; the hospital challenged three answers as evasive and moved to compel answers. Her counsel said he would re-answer the challenged interrogatories, but still has not done so.

Hospital then submitted its second set of interrogatories. Although plaintiff's counsel promised prompt answers, these went unanswered for 14 months.

On June 15, 1981 the trial court for the third time removed the case from its dismissal docket, ordered plaintiff to file a notice of readiness within 90 days and that failure to do so would result in peremptory dismissal. On August 14, 1981 plaintiff filed her notice of readiness. However, her case was not ready for trial. This because discovery was still incomplete and motions were still pending. Thereupon the trial court sustained the hospital's motion for sanctions and dismissed Ms. McVeigh's petition. She has appealed.

■ Here plaintiff seeks to avoid her responsibility to promptly answer defendant-hospital's two sets of interrogatories. This, because of mental illness. The only such evidence was a doctor's letter saying she had seven mental treatments in the summer of 1980. This letter was advanced to support plaintiff's 1981 motion to remove her case from the dismissal docket. It worked; her case was so removed.

In no later motions nor in her announced readiness for trial did plaintiff raise any issue of mental illness. We hold she has abandoned that issue.

■ On July 29, 1981 the case was noticed to be again placed on the September dismissal docket. Then, on plaintiff's motion the cause was so removed. But the court specifically conditioned this on plaintiff filing a notice of readiness, failing which her case would be peremptorily dismissed. Pursuant to that order on August 12 plaintiff filed her unqualified certificate of readiness. She was not ready. She had neither complied with discovery motions nor sought a ruling thereon.

The court then granted defendant's motion to impose sanctions and ordered the case dismissed with prejudice.

We deny plaintiff's challenge to the peremptory dismissal. It was authorized by both Rules 61.01(a) and 67.02, V.A.M.R. *In Vonder Haar Concrete Co. v. Edwards-Parker,* 561 S.W.2d 134 [1, 5] (Mo.App.1978), we held trial courts have the inherent power to dismiss a case for failure to prosecute, and "[o]n appeal from a trial court's discretionary ruling it is presumed that the ruling is correct, and the burden of showing abuse of discretion is on the appellant", and there we added that only "[i]f the ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration, the trial court abused its discretion." See also *Thomas v. Bank of Springfield,* 631 S.W.2d 346[8–11] (Mo.App.1982).

We hold the court's prejudicial dismissal of plaintiff's petition was proper according to the cited rules and cases.

Judgment affirmed.

CRANDALL, P.J., and REINHARD and CRIST, JJ., concur.