The GREAT WESTERN TRADING COMPANY, Plaintiff-Appellant,

v.

MERCANTILE TRUST COMPANY NATIONAL ASSOCIATION, and Mitsubishi Bank, Defendants-Respondents.

No. 45862.

Missouri Court of Appeals,
Eastern District,
Division Eight.

Nov. 15, 1983.

Clark H. Cole, St. Louis, for plaintiff-appellant.

David Wells, David S. Slavkin, St. Louis, for defendants-respondents.

KAROHL, Presiding Judge.

Plaintiff-appellant Great Western Trading Company, a limited partnership, filed a civil suit against defendants-respondents Mercantile Trust Company National Association and Mitsubishi Bank on January 12, 1977. On April 16, 1982, the trial court granted defendants' motion and dismissed plaintiff's amended petition with prejudice for failure to comply with discovery orders. Plaintiff appeals from that order.

Plaintiff argues that in dismissing the petition with prejudice and overruling plaintiff's motion to set aside the dismissal, the trial court abused its discretion in that: (1) plaintiff's conduct did not come within the requirements of Rule 61.01; (2) plaintiff was without counsel at the time of the dismissal; (3) plaintiff's limited partners had no notice of the motion to dismiss or the hearing on the motion; and (4) defendant Mitsubishi was in default at the time it moved for dismissal. We affirm.

Since the trial court dismissed the cause of action on procedural grounds occurring before trial, the elements of the cause of action are unrelated to the issues on appeal. We need only say that the lawsuit arose out of plaintiff's sale of soybeans to a Japanese buyer, where funds were allegedly improperly transferred from plaintiff's checking account with defendant Mercantile to defendant Mitsubishi Bank.

Plaintiff, a Nebraska limited partnership, had its principal office in Omaha, Nebraska, and had a checking account with defendant Mercantile. Eugene P. Duffy was the general partner, and Gilbert C. Swanson, Jr. and Gerald E. Sawall were the limited partners. Nothing in our record indicates that the limited partners participated directly in the case but their addresses appeared in plaintiff's answers to interrogatories filed in 1978.

Plaintiff's suit was filed on January 12, 1977. Defendant Mercantile answered,[1] and on June 14, 1977, filed a written request for plaintiff to produce certain documents for inspection and copying on June 22, 1977, the date of Eugene Duffy's deposition. At the deposition, Duffy stated that he did not have the requested documents with him, but that he would produce them. Duffy was unable to answer many questions at the deposition without the documents. In December, 1977, plaintiff responded to the motion to produce, stating that it either did not have such documents

---

1. Defendant Mitsubishi contested jurisdiction at that time and was added as a party at the conclusion of the jurisdictional dispute in 1980.

in its possession or that it had produced the documents at Duffy's deposition.

Defendant Mercantile filed a second request for documents in July, 1978. As plaintiff failed to respond to the request, Mercantile moved for an order compelling answers to interrogatories and production of documents. On January 5, 1979, the trial court ordered plaintiff to produce the documents within thirty days. Plaintiff responded on February 20, 1979, stating that the requested documents would be produced at plaintiff's counsel's office in Kansas City, Missouri. The record is unclear as to whether Mercantile made arrangements to get the documents at that time, but it is clear that plaintiff has never produced the documents.

Plaintiff amended its petition in March, 1980, adding defendant Mitsubishi. After more pleadings were filed and continuances granted, Mercantile filed a notice to take Duffy's deposition on January 18, 1982. Duffy failed to appear and both defendants made a motion to dismiss or to compel Duffy's appearance at a deposition prior to the scheduled trial date of February 22, 1982. The trial court ordered plaintiff to produce Duffy to appear for his deposition. When Duffy had not been produced by February 16, 1982, the trial court vacated the February 22, 1982 trial date, set the trial for June 7, 1982, and entered an order directing Duffy to appear for the deposition by March 2, 1982, stating that if he failed to appear, he would be precluded from testifying at trial.

Duffy appeared for deposition at the St. Louis offices of defendants' counsel on February 26, 1982. Duffy again was unable to answer certain questions without having the documents which plaintiff had been ordered to produce and had never done so. At the end of the day, the parties agreed to reconvene the next morning to complete the deposition.

Duffy failed to appear for his deposition the next day. Plaintiff's counsel produced a telegram from Duffy, stating that he had to fly to Omaha on business and would not be at the deposition. At that time, plaintiff's counsel announced his intention to withdraw.

On March 12, 1982, plaintiff's counsel filed a motion for leave to withdraw, citing plaintiff's reckless attitude regarding discovery obligations. The motion stated that, contemporaneous with the filing of the motion, counsel had advised plaintiff of intention to withdraw. The trial court granted leave to withdraw on that same day, and sua sponte granted plaintiff thirty days to obtain new counsel.

Defendants filed a motion to dismiss on March 15, 1982, and sent a copy to Duffy by certified mail. Duffy was also sent notice on March 18, 1982 of a hearing on the motion to dismiss on April 16, 1982. On April 6, 1982, Duffy filed a pro se motion to set aside the order granting his counsel leave to withdraw, acknowledging receipt of the motion to dismiss, and mentioning the hearing date. The court never acted on Duffy's motion.

On April 16, 1982, more than thirty days after the withdrawal of plaintiff's counsel, the trial court sustained defendants' joint motion to dismiss with prejudice. No attorney entered an appearance on plaintiff's behalf, although an attorney may have been present.

Subsequently, on May 14, 1982, new counsel appeared on behalf of plaintiff, and moved to set aside the dismissal on the grounds that plaintiff was not represented by counsel when the court sustained the motion to dismiss, and that the limited partners had not been notified of the motion to dismiss. Plaintiff's counsel also filed an affidavit of Mr. Stoup, plaintiff's former counsel, stating that he was not aware of the order giving plaintiff thirty days to obtain new counsel. The affidavit also stated that Great Western had assigned its cause of action to Mr. Swanson, both a creditor of plaintiff and one of the limited partners, and another creditor company, in 1976, and that Stoup had also been representing the interests of those parties. The trial court refused to set aside the dismissal.

Rule 61.01(d)(2) authorizes the trial court to dismiss the action or proceeding for failure to comply with an order to produce documents. Rule 61.01(f), similarly authorizes a dismissal for failure of a party to appear for deposition. The trial court is vested with wide discretion to administer the rules of discovery. *Wipke v. Louisiana Farm Supply, Inc.,* 622 S.W.2d 772, 774 (Mo. App.1981). The court's exercise of discretion is subject to review and will not be disturbed unless exercised unjustly. *In re Marriage of Dickey,* 553 S.W.2d 538, 541 (Mo.App.1977).

We find no abuse of discretion here. The facts, recited in detail above, clearly establish a pattern of repeated disregard of the court's discovery orders. Duffy had no legally acceptable justification for his refusal to produce documents and failure to attend his depositions. The record reflects a willful, contumacious disregard of the court's authority, and we find that the court did not abuse its discretion in dismissing the action with prejudice as authorized under Rule 61.01. *See McVeigh v. Faith Hospital Ass'n,* 647 S.W.2d 615 (Mo.App. 1983); *Portell v. Portell,* 643 S.W.2d 18 (Mo. App.1982) (default judgment); *Wipke v. Louisiana Farm Supply, Inc.,* 622 S.W.2d 772 (Mo.App.1981); *City of Columbia v. Bil-Nor Construction Co.,* 411 S.W.2d 856 (Mo. App.1967) (default judgment). Plaintiff's first point is denied.

Plaintiff's second point contests the dismissal on the ground that the trial court wrongfully granted counsel's motion to withdraw. The motion for leave to withdraw stated that counsel notified plaintiff of intention to withdraw contemporaneous with the motion. Further, the court granted plaintiff thirty days to obtain new counsel.

Plaintiff complains that because of lack of notice of counsel's withdrawal it was unrepresented at the motion to dismiss. This argument is refuted, however, by Duffy's pro se motion to the court on April 6, 1982. The motion was to set aside leave to withdraw "until April 12, 1982." Although Duffy alleged that Stoup failed to properly advise him of the motion to withdraw, he acknowledged that on April 2, he received notice of the April 16 hearing on the motion to dismiss. Duffy also mentioned "counsel to be named," and that "named counsel will advise the court before April 12, 1982, so that an orderly transition may follow." Plaintiff clearly had notice of the attorney's withdrawal, had notice of the motion to dismiss, and the April 16 hearing on the motion to dismiss, and stated intention to employ new counsel by April 12, thirty days after the order authorizing Stoup's withdrawal. Plaintiff's arguments in his pro se motion concerning Stoup's lack of cooperation in turning over documents could have been taken up by new counsel at the hearing. It was clearly not lack of notice that caused plaintiff to be unrepresented by counsel at the hearing. The situation is therefore unlike that of the case cited by plaintiff, *Lewis v. VanHooser,* 206 Mo.App. 618, 227 S.W. 618 (1921), where the attorney failed to notify the client of the withdrawal *and* the client was not given a reasonably sufficient length of time to secure other counsel.

Stoup's affidavit, presented to the court on the motion to set aside the dismissal, stating that he did not know that the trial court had granted plaintiff 30 days to employ new counsel does not change the facts stated in the pro se motion indicating that Duffy had notice of the withdrawal, need for counsel by April 12 (30 days after the March 12 order) and notice of the hearing. We therefore find that the trial court did not abuse its discretion in failing to set aside the dismissal as plaintiff had reasonable notice under Rule 61.01.

Plaintiff next alleges that the trial court should not have granted the dismissal because Great Western's limited partners received no notice of the motion to dismiss or hearing on the motion. Rule 61.01(f), relating to sanctions for failure to attend one's own deposition, requires "reasonable notice to all persons affected thereby." Rule 61.-01(d), relating to failure to produce documents, does not mention notice. However, we believe that plaintiff, through the gen-

eral partner Duffy, received adequate notice of the motion to dismiss and the hearing.

A short time after suit was filed Mercantile moved to add the limited partners as necessary parties. Mercantile withdrew the motion on plaintiff's proof that it was a true limited partnership. Throughout the entire course of this litigation, notice to Duffy was treated as notice to plaintiff Great Western. Moreover, Duffy's pro se motion was served on counsel for at least one of the limited partners.

 Section 359.090 RSMo 1978, the Uniform Limited Partnership Law, provides that a "general partner shall have all the rights and powers . . . of a partner in a partnership without limited partners . . ." with certain inapplicable exceptions. Under the Uniform Partnership Law, § 358.-120 RSMo 1978, notice to any partner of any matter relating to partnership affairs, operates as notice to the partnership. *See Sommers v. Hergenreter,* 523 S.W.2d 176, 182 (Mo.App.1975). Further, limited partners have the right to "[h]ave on demand true and full information of all things affecting the partnership . . . ." § 359.100. The limited partners here had, on demand of Duffy, notice of the hearing and the motion to dismiss. The partnership thus had the required notice under Rule 61.01 read in conjunction with the partnership laws.

In plaintiff's final point, it claims that the court erred in granting the motion to dismiss as to defendant Mitsubishi because Mitsubishi was in default at the time it moved for dismissal. Plaintiff asks for review as plain error, Rule 84.13(c), as this was not a ground brought before the trial court at the motion to set aside the dismissal. We find no plain error, however.

 Defendant Mitsubishi failed in its original claim contesting jurisdiction. The trial court granted Mitsubishi leave to November 6, 1980 to file an answer, and the answer was filed on November 17, 1980. Plaintiff never chose to move for an interlocutory default judgment under Rule 74.-045 for Mitsubishi's failure to file a timely answer. Until plaintiff moves for an interlocutory default judgment, a defendant is free to appear and file an answer. *See Cornoyer v. Oppermann Drug Co.,* 56 S.W.2d 612, 613 (Mo.App.1933). Indeed, plaintiff can entirely waive the filing of an answer, although filing an answer is mandatory, unless it requests enforcement by timely and proper action. *St. Louis County v. St. Louis County Police Officers Ass'n,* 652 S.W.2d 142, 145 (Mo.App.1983); *Cooper v. Anschutz Uranium Corp.,* 625 S.W.2d 165, 171 (Mo.App.1981). As plaintiff failed to request any action of the court regarding the late answer, or objected on the record, plaintiff has waived this issue.

 The trial court did not abuse its discretion in dismissing plaintiff's cause of action with prejudice and refusing to set aside the dismissal,[2] and we affirm.

STEWART and REINHARD, JJ., concur.

---

2. On the motion to set aside the dismissal, plaintiff presented the affidavit of Stoup, who stated that plaintiff Great Western had assigned to creditors its right, title, and interest in the cause of action in 1976. When asked at deposition whether Great Western had assigned its claim, Duffy gave vague and evasive answers. This would have further justified the trial court's refusal to set aside the dismissal as Great Western appears not to have been the real party in interest under Rule 52.01. An absolute assignment of an entire right or interest works a divestiture of all right or interest of the assignor therein and for purposes of maintaining a civil action the assignee becomes the real party in interest. *C & M Developers, Inc. v. Berbiglia,* 585 S.W.2d 176, 181 (Mo.App. 1979).