Edward **BAUGHN**, Plaintiff-Appellant,

v.

The **RAPIDWAYS TRUCK LEASING CO.**, et al., Defendants-Third Party Plaintiffs-Respondents,

v.

**GENERAL MOTORS CORPORATION,** Third Party Defendant-Respondent.

No. 49813.

Missouri Court of Appeals, Eastern District, Division One.

Oct. 1, 1985.

Charles Harry Billings, St. Louis, for plaintiff-appellant.

Denis C. Burns, Joseph M. Kortenhof, John D. Warner, St. Louis, for respondents.

KAROHL, Judge.

On motion of third party defendant, General Motors Corporation, plaintiff Edward Baughn's suit for personal injuries against defendant and third party plaintiff, The Rapidways Truck Leasing Co. (Rapidways) was dismissed with prejudice. The grounds for dismissal were failure to obey previous court orders to answer interrogatories and produce documents. Rule 61.-01(b)(1) and (d)(2). By leave, plaintiff filed a late appeal. He claims abuse of discretion by the trial court because his conduct does not fall within the requirements of Rule 61.01. We affirm.

Plaintiff-appellant concedes on appeal that the record reflects numerous motions for sanctions filed by defendants. The court entered the dismissal with prejudice on December 13, 1984, in response to a motion for sanctions filed by General Motors for failure to comply with a court order that plaintiff furnish full and complete answers to interrogatories, produce documents and execute an authorization to obtain wage information. Although notice was given to plaintiff's counsel, no attorney appeared on behalf of plaintiff on December 13, 1984. On January 16, 1985, plaintiff's same attorney filed a motion to reconsider the dismissal on the basis that the dismissal was a "very harsh order." We note that the motion to reconsider was filed more than thirty days after the dismissal with prejudice. This explains why it was never ruled by the trial court.

Because plaintiff-appellant concedes prior lapses in discovery we need only note that motions to enforce discovery were sustained and orders made on May 4, 1984, July 24, 1984, September 6, 1984, and October 30, 1984. On October 30, 1984, plaintiff-appellant was ordered to comply with

discovery and earlier court orders within twenty days up to and including November 19, 1984. The docket sheet reflects that plaintiff did nothing to comply with the order. The dismissal memorandum states that plaintiff's attorney was telephoned more than one hour before argument on the motion to dismiss but failed to appear.

■ Plaintiff-appellant is represented by new counsel on appeal. Appellant's counsel contends plaintiff was abandoned by trial counsel without notice to plaintiff. He recognizes the general rule that negligence of counsel is imputed to the client and that any act of an attorney must necessarily be considered an act of the client. *Culp v. Culp,* 216 S.W.2d 551, 555 (Mo. App.1948). Plaintiff relies on three cases in support of the proposition that absent a showing of default by the plaintiff himself, dismissal with prejudice is so harsh as to amount to an abuse of discretion when other remedies are available under Rule 61.01(b) and (d).

We find the cases cited by plaintiff unpersuasive on the present facts. In *Peoples-Home Life Insurance Co. v. Haake,* 604 S.W.2d 1 (Mo.App.1980), the plaintiffs were minors represented by their father as guardian and an attorney of the guardian's choosing. This case was reversed on the grounds that the guardian and attorney failed to represent the minors. Here, plaintiff is neither a minor nor represented by a guardian.

Relief was granted in *Lewis v. Van Hooser,* 206 Mo.App. 618, 227 S.W. 618 (1921). However, in that case the attorney offered evidence that he had abandoned the case and had attempted to find another attorney to handle the matter. In the present case, there was no such abandonment. The motion to set aside the default was filed by plaintiff's original trial attorney.

Finally, in *Whitledge v. Anderson Air Activities,* 276 S.W.2d 114 (Mo.1955) relief was granted where defendant's attorney was retained by his insurance carrier who subsequently learned there was no coverage and abandoned his client, the defendant, but failed to notify the defendant or defendant's personal attorney of the lack of coverage. No such abandonment occurred in the present case.

■ Rule 61.01(b) and (d) authorize the trial court to dismiss an action or proceeding for failure to comply with an order to answer interrogatories or produce documents. The trial court is vested with wide discretion to administer rules of discovery. *Wipke v. Louisiana Farm Supply, Inc.,* 622 S.W.2d 772, 774 (Mo.App. 1981). The court's exercise of discretion is subject to review and will not be disturbed unless exercised unjustly. *In re Marriage of Dickey,* 553 S.W.2d 538, 541 (Mo.App. 1977).

■ In *Wipke,* a case very similar to this appeal, plaintiff partially answered defendant's discovery but despite being ordered to answer various interrogatories and a request to produce, failed to do so. There we found plaintiff's inertia flouted the court's authority and affirmed dismissal with prejudice. The history of the instant case reflects repeated failures to comply with the rules of discovery followed by an acknowledgement of failure and orders to comply. The trial court dismissed only after a failure on the last occasion and only then after a telephone message that counsel for plaintiff appear. Under these circumstances, the plaintiff's conduct, or lack of action, readily translates into a display of contumacious and deliberate disregard for the trial court's authority. *Portell v. Portell,* 643 S.W.2d 18, 20 (Mo.App.1982). We find no abuse of discretion by the actions of the trial court which serve to protect the rules of discovery for both parties in a law suit.

■ Because of the nature of the appeal and the issue relied upon by plaintiff-appellant, we have addressed the merits but not without noting that the motion to set aside the dismissal was filed more than thirty days after the dismissal. The motion was untimely and ineffectual except as an indi-

cation that plaintiff was not abandoned by counsel before the dismissal was entered.

We affirm.

PUDLOWSKI, P.J., and CARL R. GA-ERTNER, J., concur.