Frank **RICHARDSON,** Appellant,

v.

George **LOMBARDI,** et al., **Respondents.**

No. WD 42578.

Missouri Court of Appeals, Western District.

Aug. 7, 1990.

Frank Richardson, Moberly, pro se.

William L. Webster, Atty. Gen., Bruce Farmer, Asst. Atty. Gen., Jefferson City, for respondents.

Before LOWENSTEIN, P.J., and CLARK and FENNER, JJ.

LOWENSTEIN, Judge.

This appeal concerns the dismissal of a civil rights action due to plaintiff/appellant's refusal to cooperate in the discovery process. The judgment is affirmed.

Frank Richardson is an inmate at the Moberly Correctional Center. On September 29, 1987, he received a conduct violation for engaging in sexual misconduct with a visitor. On September 8, 1988, he received a second conduct violation of the same type. Pursuant to these violations, his visitation rights were restricted.

Richardson filed suit on September 19, 1988, asking for a temporary restraining order and/or preliminary and permanent injunction. The court dismissed the suit finding the petition did not state a cause of action, however, Richardson was given leave to file an amended petition. On January 19, 1989, he filed his first amended petition alleging the conduct violations were racially motivated.

Defendants were granted leave of court to take Richardson's deposition. However, when the time came, Richardson refused to answer any questions due to the presence of defendants Blakemore and Samm, two prison correction officers. He claims he was fearful of coercion, harassment and discrimination if the two officers heard his testimony. Richardson was informed that failure to cooperate could result in the dismissal of his suit—despite this notice, he continued his refusal and walked out of the deposition.

On October 3, 1989, the trial court held a hearing to determine if sanctions should be imposed. It was held that since Richardson was proceeding in forma pauperis, monetary sanctions would not be effective, and since his uncooperative position had not changed regarding the deposition, the court's only viable sanction was dismissal. This appeal followed.

Although Richardson raises numerous points, most which violate Rule 84.04, his main contention is that under the circumstances it was error for the trial court to use dismissal as a sanction for discovery violations. This argument is without merit.

The trial court is vested with wide discretion to administer rules of discovery. *Baughn v. Rapidways Truck Leasing Co.*, 698 S.W.2d 618, 620 (Mo.App.1985). Such discretion will not be disturbed unless exercised unjustly. *Id.*

The only effective sanction to be utilized under the circumstances was dismissal of Richardson's suit under Rule 61.01. The hearing revealed monetary sanctions would be inadequate since Richardson had little income, shown by the fact he was proceeding in forma pauperis. He also understood that Blakemore and Samm would eventually be entitled to read the contents of the deposition, making his refusal to be deposed in their presence futile if the purpose in doing so was for fear of retaliation. Moreover, at the hearing the trial judge gave Richardson a final chance to change his position and have his deposition taken, however, he continued to refuse. Under these circumstances, if the trial court did not have the power to dismiss, then Rule 61.01 has no purpose. *See Amick v. Horton*, 689 S.W.2d 369, 376 (Mo.App.1985); *State ex rel. Jones v. Reagan*, 382 S.W.2d 426, 430 (Mo.App.1964). The dismissal of Richardson's suit was proper. *State ex rel. Willens v. Gray*, 757 S.W.2d 656 (Mo.App. 1988); *Baughn, supra; Amick, supra, Anderson v. Home Ins. Co.*, 724 F.2d 82 (8th Cir.1983).

The judgment is affirmed.