STATE of Missouri ex rel. Mamie JONES, Relator,

v.

Franklin REAGAN, Judge of the Circuit Court, City of St. Louis and J. Casey Walsh, Judge of the Circuit Court, City of St. Louis, Respondents.

Mamie JONES, (Plaintiff) Respondent,

v.

E. B. KOONCE MORTUARY, INC., (Defendant) Appellant.

Nos. 31753, 31760.

St. Louis Court of Appeals.

Missouri.

Sept. 25, 1964.

Motion for Rehearing or to Transfer to Supreme Court Denied Oct. 26, 1964.

No. 31753:

Chopin & Boisaubin, Alfred L. Boisaubin, St. Louis, for relator.

Samuel A. Goldblatt, St. Louis, for respondents.

No. 31760:

Samuel A. Goldblatt, Julius H. Berg, St. Louis, for defendant-appellant.

Chopin & Boisaubin, Alfred L. Boisaubin, St. Louis, for plaintiff-respondent.

DOUGLAS W. GREENE, Special Judge.

The facts in these combined causes are as follows: Mamie Jones, hereinafter called plaintiff, filed her amended petition in tort against E. B. Koonce Mortuary, Inc., hereinafter called defendant, wherein plaintiff prayed for damages alleging that defendant had negligently failed and refused to fulfill its contract for the funeral and burial of plaintiff's mother. The petition, in brief, alleged that defendant contracted and agreed with plaintiff to provide funeral services for and to bury plaintiff's mother, but failed to do so, and negligently allowed the body of plaintiff's mother to be sold to the St. Louis University School of Medicine, where it was located some two weeks later, and that the remains were in such a condition that proper burial and proper funeral services were impossible. Defendant filed an answer on January 15, 1963, and, thereafter, on March 4, 1963, plaintiff served written interrogatories on defendant. Defendant failed to answer same within the allotted time and on April 10, plaintiff filed her motion to compel answers to the interrogatories. On April 19th, the motion was sustained and defendant was given ten additional days to answer, but again failed to do so. On May 3rd, the court entered an order striking defendant's pleadings and holding defendant in default for failure to answer the interrogatories and ordered default and inquiry against defendant.

On May 15th, defendant filed answers to some of the interrogatories and objections to others, and on the same day, on oral motion of defendant, the trial court set aside the default and inquiry of May 3rd.

The court further ordered defendant to answer interrogatories 5, 9–14, 15, 17, 18 and 19, and to file an amended answer by May 17, 1963. Defendant failed or refused to answer said interrogatories by May 17, 1963, and on May 21st, plaintiff filed a motion asking the court to set aside its order of May 15th, which order set aside the default and inquiry previously granted. On May 22, 1963, defendant, by leave of court, filed an amended answer. On May 23, 1963, plaintiff's motion to vacate and set aside the court's order of May 15th, and to enter default and inquiry was sustained and the trial court set the date of June 6th for default and inquiry. Defendant's attorney was given proper notice of all of the dates set for hearing of the matters listed above and of the actions of the trial court, but did not appear, and gave no reason for not appearing, and for not answering the interrogatories in question.

On June 6th, plaintiff appeared in court and gave testimony, and the court thereupon entered a judgment in favor of plaintiff and against defendant for $10,000 and the costs of the action.

On July 9th, a writ of execution was issued out of the circuit court pursuant to the June 6th judgment returnable August 8, 1963, and on June 11th, defendant's president turned over to the sheriff of the City of St. Louis defendant's check in the amount of $10,201.80, representing the amount of the judgment, court costs and sheriff's fees.

On July 22, 1963, defendant filed a motion to set aside the default judgment of June 6th, and on August 8th, filed a motion to set aside, quash, and stay the execution. On the same day, the court sustained the motion to stay the execution, and stayed the execution for ten days, conditional on defendant filing bond in the sum of $10,000, which bond was filed and approved.

On August 15th, the court further extended its stay order until September 16, 1963, and ordered the sheriff to deposit the money collected with the registry of the court. On September 16th, the court overruled defendant's motion to set aside default judgment.

On September 20, 1963, plaintiff moved for an order to turn over to plaintiff $10,000 of the money held in the court registry alleging that the time granted by the court in its stay order had expired, and there was no court order granting additional time.

On September 23rd, defendant filed its notice of appeal to the St. Louis Court of Appeals from the order overruling its motion to set aside the default judgment and filed its appeal bond in the sum of $15,000.

On September 24th, defendant filed a motion to set aside the stay of execution bond, and to refund to defendant the $10,000 and costs heretofore mentioned. Plaintiff and defendant's motions were submitted to the court on September 27th, at which time the trial court (Judge Franklin Reagan) said that he would order the money returned to defendant, but granted plaintiff time to apply to this court for a writ of mandamus.

Plaintiff filed her application for writ of mandamus on October 1, 1963, and on said date, this court issued its alternative writ of mandamus commanding the Honorable Franklin Reagan and Honorable J. Casey Walsh, hereinafter called the trial court to vacate stay of execution orders of August 8th and August 15, 1963, and to enter an order ordering the sum of $10,000 to be paid out of the registry of the circuit court of the City of St. Louis to plaintiff, together with costs and sheriff's fees or to show cause why they should not do so. Return, answer, and reply were filed in due course.

By stipulation, the mandamus action (Cause 31,753) and the appeal (Cause 31,-760) were consolidated for the purposes of argument and hearing, and will be jointly disposed of in this opinion.

We will first consider defendant's contentions on appeal. Defendant contends that the action of the trial court in entering the default judgment of June 6, 1963 was void, and also that the record and judgment show an irregularity which is patent upon the record in that defendant had an answer on file which was not stricken at the time the judgment was entered.

■ These are the only points that defendant could legitimately raise, since defendant's motion to set aside the judgment was not filed within thirty days after entry of same. Supreme Court Rule 74.32, V.A.M.R., provides that judgments in any court of record shall not be set aside for irregularity, on motion, unless such motion be made within three years after the rendition thereof. A motion to vacate does not substitute for an appeal. Further, under the facts of this case, it applies only to irregularities patent upon the face of the record.

Defendant's sole arguments in this regard are that defendant had an answer on file at the time the trial court entered its judgment, and that the interrogatories which defendant had failed and refused to answer, even though given four opportunities to do so by the trial court, did not go to the merits of the cause, or else asked for information already known to plaintiff, and, therefore, the failure to answer same was not of sufficient importance to justify the trial court to hold defendant in default for such failure to answer same.

Supreme Court Rule 61.01(b), provides that if a party refuses to obey an order of the trial court requiring him to answer interrogatories, " * * * the court may make such orders in regard to the refusal as are just, and among others the following: * * * (3) "An order striking out pleadings or parts thereof, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party."

■ In support of its contention that the judgment was void and therefore subject to direct attack, defendant urges that it was deprived of its right to a trial by jury on the issues involved by the action of the trial court in entering a default judgment on repeated refusal of defendant to answer interrogatories, and, therefore, the entry of judgment was unconstitutional. This contention here has no merit as it was not properly preserved for review. Defendant's brief and argument did not fully cover and develop a constitutional question. If it did, defendant is in the wrong court, as exclusive jurisdiction of such matters lies in the Supreme Court, Art. 5, Sec. 3 of the Constitution of Missouri, 1945, V.A.M.S., but it did not. A mere recitation that the entry of judgment was unconstitutional, or that due process was violated, or that defendant has been denied a preserved right is insufficient to preserve the question on appeal. Sheets v. Thomann, Mo.App., 336 S.W.2d 701, l. c. 707.

■■ In its only other point, defendant contends that the judgment was irregular, because it had an answer on file, at the time of the court's entry of judgment. An irregularity for which a judgment may be set aside on motion made within three years is a want of adherence to some prescribed rule or mode of proceeding, consisting either of omitting to do something that is necessary for due and orderly conduct of the litigation, or in doing it in an improper manner or at an unreasonable time. Murray v. United Zinc Smelting Corp., Mo., 263 S.W. 2d 351, 355.

The Supreme Court, by Rule 61.01, has given the trial court authority to enter a default judgment against a party for failure to answer interrogatories, if such order, or entry, is just.

Here, defendant's attorney, and in fairness, we point out that the attorneys who

ably presented this matter in behalf of defendant on appeal, were not the attorneys who had previously represented defendant, was given at least four opportunities to comply with the trial court's orders directing him to answer interrogatories. Ten of the twenty interrogatories were never answered. After the trial court entered default, defendant's attorney was notified that the matter would be heard on June 6th. This notice was given on May 23rd. Even then, defendant did not appear.

If the trial court had no power to enter a default under these circumstances, then the rule has no purpose, and the answers to interrogatories could never be compelled. Whether or not defendant had an answer on file is not in point. Under the aggravated circumstances showing defendant's utter disregard for various orders of court and notice of motions, the trial court exercised its discretionary power to enter judgment by default for defendant's failure to answer interrogatories.

■ While there is no case precisely in point in Missouri, the decision of J. G. Jackson Associates v. Mosley, Mo.App., 308 S.W.2d 774, 777, illustrates the power and authority of the trial court to enter judgment where the defendant has filed an answer. In that case, defendant's attorneys, after filing answer, withdrew and notified defendant the court had set the case for hearing. On that date, when defendant failed to appear, the court made an entry: " * * * 'Default and inquiry granted. Cause passed to 24th of January, 1957.' * * * " Defendant failed to appear on such date and the cause went to trial before the court sitting without a jury. The court heard extensive evidence and then entered judgment. That is the precise situation here. The same contention was raised by defendant in the Mosley case as defendants raise here, namely, that a judgment taken by default in a suit where defendant had filed an answer showed an irregularity upon the record, and that the entry of a "default" judgment under such circumstances was error. The court

pointed out, in the Mosley case, and we point out here, that a judgment rendered, which recites an appearance by plaintiff, failure of defendant to appear at the trial, waiver of jury and submission of the cause upon the pleadings and evidence, is not strictly speaking, a default judgment, where an answer is on file, a previous appearance has been made by defendant, a hearing date has been set, and defendant has been notified of the setting.

■ Considering the record as a whole, the judgment rendered on June 6, 1963, was a judgment, upon a trial by the court, of the issues raised by the pleadings, and not a default judgment. Brooks v. McCray, Mo. App., 145 S.W.2d 985, 987.

The judgment rendered in this case was regular, and the trial court's action in overruling defendant's motion to set the judgment aside was not error.

■ The motion to quash the execution could have merit only if the judgment was void for lack of jurisdiction of the parties, or the subject matter. McDougal v. McDougal, Mo.App., 279 S.W.2d 731, 740. No such point was made here. A motion to quash does not lie to collaterally attack alleged errors or defects prior to judgment. Vorhauer v. Sweeney, Mo.App., 217 S.W. 2d 985. Where the execution substantially pursues the judgment, there is no fault in the execution. That is the case here, and since the execution was regular, the trial court had no authority to withhold from plaintiff funds which were legally collected in her behalf. Del Riccio v. Superior Court, Cal., 251 P.2d 678. When the debtor's money was taken from him in a valid execution, it ceased to be his. Assuming that the trial court had any right to issue any stay orders in this cause, they would not affect the property involved here as it was already bound by the execution, Supreme Court Rule 76.61, V.A.M.R., and should have been delivered to plaintiff.

The order of the trial court overruling defendant's motion to set aside default

judgment is affirmed, and this court's alternative writ of mandamus heretofore issued, should be, and is hereby made peremptory.

RUDDY, P. J., and ANDERSON, J., concur