Gayle Stauffer McALLISTER and Gretchen Stauffer Torres, Executrices of the Estate of Helen M. Stauffer, Deceased, Respondents,

v.

Loyat GARRETT and Julian Garrett, Defendants-Appellants.

No. 10833.

Missouri Court of Appeals, Southern District, Division One.

Oct. 15, 1979.

Motion for Rehearing or for Transfer Denied Nov. 21, 1979.

Application to Transfer Denied Jan. 15, 1980.

William Fleischaker, Roberts & Fleischaker, Joplin, for respondents.

Loyat Garrett and Julian Garrett, pro se.

PREWITT, Judge.

Appellants appeal from an order of the Circuit Court of Jasper County overruling their motion to set aside a sheriff's sale. Helen M. Stauffer, plaintiff below, brought suit for judicial foreclosure because of default on a note whose payment was secured by a deed of trust. The deed of trust was dated May 29, 1961 and executed by Arnold B. Carrier and Frances Carrier, then owners of the property. The Carriers sold the property to others who sold it to appellant Loyat Garrett. Mrs. Garrett did not assume the note and deed of trust but made payments to Helen M. Stauffer. The Carriers and appellants were named as defendants. On March 17, 1977, the court entered a judgment finding that plaintiff was entitled to receive $68,475 on the note, and providing for the foreclosure of the real estate described in the deed of trust. A personal judgment was entered against the Carriers but not against appellants.

On May 27, 1977, plaintiff requested an execution, with instructions to the sheriff to "execute by foreclosure", against the real estate described in the judgment. That day a general execution was issued on the judgment against the Carriers and appellants. The execution was served on appellants on June 3, 1977. The sheriff thereafter levied on the property described in the judgment. On September 1, 1977, an additional request for execution was filed with the circuit clerk with instructions to the sheriff to execute "by a levy and sale" of the real estate. A general execution issued on that day against Arnold B. Carrier and Frances Carrier. Notice of sale was served upon appellants on September 15, 1977, and the property was sold by the sheriff on October 7, 1977 for $175,000. On October 11, 1977, appellants filed their motion to set aside the sale. The motion was overruled on October 31, 1977; and the court ordered the sale approved, the deed executed, and the proceeds distributed. The transcript does not reflect testimony being offered or heard on appellants' motion. Following Helen M. Stauffer's death, respondents were substituted as parties in this appeal.

Appellants' brief contains five points of alleged error. Three of these purport to be defenses to the original petition or claimed deficiencies in the judgment. Point III claims that the judgment is void, as the petition did not claim or the evidence show that the Carriers were liable on the note. Point IV claims that the statute of limitations ran on the note and barred the judgment. Point V states that the judgment is void "by the operation of the doctrines of waiver, election of remedies and quasi estoppel". Points I and II claim that the execution and the sheriff's deed did not accurately describe the judgment, and an improper writ of execution was issued.

We first consider if appellants can now raise the contentions set forth in Points III, IV and V.

Following the judgment of March 17, 1977, the appellants appealed, the appeal was not perfected, and was dismissed by this court. The judgment is now final. Appellants contend that the judgment was void for the grounds stated in those three points. Their motion to set aside the sale constitutes a collateral attack on the judgment. *La Presto v. La Presto*, 285 S.W.2d 568, 569 (Mo.1955). Generally, a collateral attack may not be made upon a judgment where the absence of jurisdiction does not appear upon the record. The validity of the judgment usually must be determined by the record, and no other or further evidence on the subject is admissible. *Smith v. Benson*, 542 S.W.2d 571, 576 (Mo.App.1976); 46

Am.Jur.2d, Judgments, § 663, p. 819. A void judgment is one which should not have been rendered because the court lacked jurisdiction over the parties, the subject matter, or the remedy ordered. *State ex rel. Manchester Bank v. Enright*, 584 S.W.2d 416, 419 (Mo.App.1979). The circuit court had jurisdiction over the parties here. Appellants, as well as the Carriers, appeared, filed pleadings, and contested the matter before and after judgment. Jurisdiction over the subject matter and the remedy of judicial foreclosure is provided to the circuit courts in § 443.190 through § 443.280, RSMo 1969. The court had jurisdiction of the parties, the subject matter, and the remedy. The judgment of March 17, 1977 was not void.

■ Appellants are asking us to rule on defenses that could have been, and apparently were, raised before the trial court, prior to their first appeal, and ruled against them. These defenses could have been raised on that appeal had it been perfected. As the judgment is now final, the trial court's determination is conclusive as to all issues which were or could have been litigated and these defenses cannot be used to attack the judgment collaterally. *Civic Plaza National Bank of Kansas City v. University Nursing Home, Inc.*, 504 S.W.2d 193, 199–200 (Mo.App.1973); 49 C.J.S. Judgments § 435, p. 862. In *Butler v. Manley*, 416 S.W.2d 680 (Mo.App.1967), the court held that a finding of default in a deed of trust may not be relitigated after being finally determined in a prior action. *Venegoni v. Giudicy*, 238 S.W.2d 17, 19 (Mo.App. 1951) held that the statute of limitations cannot be raised in a proceeding to set aside and vacate a judgment.

■ Appellants are attempting to use their motion as a substitute for the appeal that they did not perfect. Such a motion cannot be substituted for an appeal. *La Presto v. La Presto*, supra, 285 S.W.2d at 571. Nor can the motion lie to collaterally attack alleged errors or defects prior to judgment. *State ex rel. Jones v. Reagan*, 382 S.W.2d 426, 430 (Mo.App.1964). Points III, IV and V are ruled against appellants.

■ Appellants' Points I and II go to the form of the execution and errors in recitals on it. A general execution was issued. Appellants are correct that a special execution was called for by statute. § 443.270, RSMo 1969. A special execution directs a levy upon specific property, while a general execution demands a levy on the debtor's property generally. *W. H. Powell Lumber Company, Inc. v. Federal Land Bank Association of Mountain Grove-Rolla*, 561 S.W.2d 700, 703 (Mo.App.1978). The issuance of a general execution was improper. However, that does not justify a reversal of the trial court's ruling, unless we find that this error materially affected the merits. Rule 84.-13(b), V.A.M.R. We cannot make this determination on conjecture. *Farrar v. Moore*, 416 S.W.2d 711, 715 (Mo.App.1967).

■ Before we can reverse, it must be determined if the issuance of a general execution prejudiced appellants. There is nothing before us to show that the result would have been different had there been a special execution. The property would have been sold, which is what occurred. Respondents' predecessor was entitled to have the property sold. The result would have been the same, whatever the form of execution. There was no showing that the form of execution injured appellants. Except for directing a levy on, and limiting it to, specific property, the special execution is the same as the general execution. It is to be "executed and returned as executions in ordinary civil suits". § 443.270, RSMo 1969. In appellants' motion, and in their points of alleged error, they do not contend that the price was inadequate or the sale otherwise conducted improperly. They could have raised their points that the execution was improper before the sale by a motion to quash the execution. Rule 76.60, V.A.M.R.; *W. H. Powell Lumber Company, Inc. v. Federal Land Bank Association of Mountain Grove-Rolla*, supra, 561 S.W.2d at 702.

■ A motion to set aside an execution sale is addressed to the sound discretion of the court issuing the process. *City of St. Louis v. Peck*, 319 S.W.2d 678, 682

**34**

(Mo.App.1959). We should not reverse the trial court and order the sale set aside unless prejudice is shown. None is shown because of the alleged defects in the execution. The result would have been the same. This execution sold the property, and the sale was provided for in the judgment. An execution is valid where it substantially pursues the judgment. *State ex rel. Jones v. Reagan*, supra, 382 S.W.2d at 430. As no prejudice is shown due to the defects in the execution, we do not believe the trial court can be said to have abused its discretion in overruling appellants' motion. The sale was held approximately two years ago; and no purpose appears for now ordering a new sale, where the record before us does not show prejudice by the defects charged. Points I and II are ruled against appellants.

There are three motions which have been filed and taken with the case. Appellants' motion for supplementing and amplifying the record is denied. It pertains only to matters that, if relevant, would only be relevant in the case prior to the judgment of foreclosure. As the judgment is final, that motion related to no issues before us. Respondents' motion for damages for frivolous appeal is denied. There was an arguable question regarding the form of execution. The motion to set aside the order substituting respondents for Helen Stauffer, deceased, and to dismiss the action, is denied. The executrices were proper parties to the suit. § 443.250, RSMo 1969.

The order of the circuit court, overruling appellants' motion to set aside the sheriff's sale, is affirmed.

All concur.