Larry JONES, Plaintiff-Appellant,

v.

William EAGAN, et al.,
Defendants-Respondents.

No. 50452.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 9, 1986.

Margan Stewart, Lloyd J. Jordan, St. Louis, for plaintiff-appellant.

Frederick M. Switzer, III, St. Louis, for defendants-respondents.

SNYDER, Chief Judge.

Plaintiff Larry Jones appeals from a judgment dismissing his petition in which he alleged tortious interference with his employment relationship by defendants-respondents William Eagan and Kenneth Stover, who were his supervisors at a Marriott Corporation facility in St. Louis. The trial court's June 14, 1985 order of dismissal reads:

> Defendant's Motion To Dismiss for failure to state a claim upon which relief can be granted is sustained.
>
> Defendant's Motion to Dismiss for failure to comply with Court order, if said order has not been complied with, it is sustained; if it has been complied with the question is moot.

The judgment of dismissal is affirmed.

In appellant's only point relied on he accuses the trial court of error in the dismissal of his petition because it failed to state a cause of action. It is unnecessary to discuss appellant's point relied on. The judgment is affirmed for the second reason specified in the trial court order: because appellant failed to comply with the sanction imposed by the court when appellant did not answer the interrogatories propounded to him and did not accede to the request for production of documents.

Appellant has not challenged as error the dismissal of his petition for failure to comply with the trial court sanction ordering him to pay respondents $100.00. Issues not presented in the points to be argued in an appellate brief are abandoned and will not be considered. *DeLisle v.*

*Cape Mutual Insurance Co.,* 675 S.W.2d 97, 103 [7, 8] (Mo.App.1984), quoting *Hastings v. Coppage,* 411 S.W.2d 232, 235 [3, 4] (Mo.1967).

■ Respondents' motion to dismiss for failure to comply with the court order referred to a February 20, 1985 order which directed appellant to pay respondents $100.00 in attorney's fees as a sanction for failure to respond to discovery requests.

In his brief, appellant Jones admits he has never paid the $100.00, but says he is now willing to do so. The attorney's fees were assessed for failure to respond to respondents' interrogatories and request for production of documents. There is nothing in the record on appeal that would indicate appellant has ever answered respondents' interrogatories or produced the requested documents. He did nothing to cause the court to lift the sanction. Appellant's brief, notice of appeal, statement of the case and issue on appeal all fail to offer any justification, excuse or argument for appellant's nonpayment of the court ordered fees.

Rule 61.01(d) allows a trial court to assess attorney's fees and specifically provides: "If the motion for inspection or production is granted and if the party against whom the order is entered fails to comply as stated, the court may, upon motion, make such orders in regard to the failure as are just and among others the following: (1) An order ... dismissing the action."

■ In the present case, there is no dispute that appellant did not comply with the order to pay respondents $100.00 in attorney's fees. The trial court is vested with wide discretion in administering discovery rules. *Wipke v. Louisiana Farm Supply, Inc.,* 622 S.W.2d 772, 774 (Mo.App. 1981). The court's exercise of this discretion is subject to review, but will not be disturbed unless it has been abused. *Baughn v. Rapidways Trust Leasing Co.,* 698 S.W.2d 618, 620 [2–4] (Mo.App.1985).

There was no abuse of discretion in the dismissal of appellant's petition for nonpayment of the amount ordered in the discovery sanction. Appellant offered no excuse or justification for the nonpayment. The judgment dismissing appellant's petition is affirmed.

CARL R. GAERTNER, P.J., and SMITH, J., concur.