**Linda F. DYCUS, Plaintiff–Respondent,**

v.

**Kenneth Haskin DYCUS,
Defendant–Appellant.**

**No. 16858.**

Missouri Court of Appeals,
Southern District,
Division Two.

March 12, 1991.

Motion for Rehearing or Transfer
Denied April 3, 1991.

Application to Transfer Denied
May 3, 1991.

David Robards, Joplin, for defendant-appellant.

William J. Fleischaker, Roberts, Fleischaker & Williams, Joplin, for plaintiff-respondent.

PARRISH, Presiding Judge.

This is an appeal from an order of the Circuit Court of Jasper County that determined the arrearage in the amount of child support owed by appellant to respondent to be $30,872.94. This court affirms.

Appellant and respondent were previously married. That marriage was dissolved August 11, 1975. The parties had two children. Custody of the children was awarded to respondent and appellant was ordered to pay child support to respondent in the amount of $400 per month.

Following a variety of legal confrontations (one of which was the subject of an appeal to this court—*In re Marriage of Dycus,* 629 S.W.2d 679 (Mo.App.1982)), the parties entered into an agreement in an effort to settle a continuing conflict over payment of child support. That agreement was dated August 29, 1984. It was filed as a stipulation in a case this respondent brought against appellant in the Superior Court of Thurston County, Washington. The agreement recited that there was due and owing from Kenneth H. Dycus to Linda F. Dycus the following sums: $16,-253.06 representing unpaid child support from the date of the dissolution of marriage through February 1982; $11,600 representing child support accrued from February 1982 to September 1, 1984; and $18,-000 accrued interest as of September 1, 1984, on unpaid child support. The agreement further stated that, by the terms of the original decree of dissolution of marriage, "[b]etween September 1, 1984 and the subsequent dates of the respective twenty-first birthdays of each of his two children, Kenneth Dycus will incur a total additional future child support obligation in an approximate principal amount of $23,-200.00." The agreement provided for Kenneth H. Dycus to convey certain real estate situate in the State of Washington to Linda F. Dycus, "in complete discharge and satisfaction of all presently owing child support obligations of Kenneth H. Dycus...." It further stated, "The various other undertakings of each and all of the defendants [1] herein are accepted by Linda F. Dycus as a complete satisfaction and discharge of any future child support obligations of Kenneth H. Dycus which may hereafter accrue under the original August 11, 1975 decree of dissolution. Henceforth Linda F. Dycus will not seek to collect any further child support from Kenneth H. Dycus."

The agreement further stated:

8. All parties hereto recognize that modification of the child support obligations of Kenneth H. Dycus as set forth in the original decree of dissolution of August 11, 1975 requires the approval of a court with appropriate jurisdiction and cannot be accomplished by the agreement of the parties hereto alone. To the extent that defendant Kenneth H. Dycus wants to achieve a judicial modification of his child support obligations consistent with this Stipulation for Settlement, Kenneth Dycus shall bear the full expense of, and shall be responsible for accomplishing, a judicial modification of the August 11, 1975, decree of dissolution so as to render its child support provisions consistent with this Stipulation for Settlement. Plaintiff Linda F. Dycus will submit herself to the jurisdiction of a court of appropriate jurisdiction for the limited purpose only of accomplishing such a judicial modification, and Linda F. Dycus will join in and otherwise co-operate with Kenneth Dycus's petition for judicial modification. Notwithstanding that a modification of child support requires the approval of a court of appropriate jurisdiction, this Stipulation for Settlement shall be binding on all parties to this action, and the conveyance of the above-described real estate, as well as the other undertakings herein of the parties hereto, shall be unconditional and final.

Linda F. Dycus assumed the obligation to pay $3,173 being an unpaid balance owed on the real estate she was to receive. Appellant, at the hearing that is the subject of this appeal, estimated the value of the real estate, at the time of the agreement between him and respondent, at "$47,500,

---

1. There were two other defendants in addition to Kenneth H. Dycus in the Thurston County, Washington lawsuit. The other defendants claimed an interest in the real estate that was subsequently conveyed to Linda F. Dycus. That real estate was the subject of that lawsuit. In that case, Linda F. Dycus sought to set aside a conveyance of the real estate that had been made by Kenneth H. Dycus to the other defendants as having been a "fraudulent conveyance."

plus the cost of the contract that was remaining on it, which was $3,173."

About April 1985, respondent received a deed conveying the real estate to her. Appellant received a "Satisfaction of Judgment" for the $16,253.06 that had been determined as the amount of unpaid child support that had accrued from the date of the dissolution of marriage through February 1982. That "Satisfaction of Judgment" was filed with the Jasper County Circuit Court May 31, 1985. Appellant has stated in his brief that he and respondent also filed "Dismissals With Prejudice" with the Jasper County Circuit Court.[2] Neither party sought modification of the original decree between the date of the agreement and the filing of the proceedings that are the basis of this appeal.

The trial court determined the amount due and owing from appellant to respondent to be $30,872.94. In determining that to be the amount owed, the court found that one child of the parties was emancipated January 15, 1988, and that the other was emancipated September 1, 1989. Appellant complains on appeal that the determination by the trial court of the amount he owes respondent is erroneous because of the terms of the agreement the parties previously executed, and because respondent's participation in the State of Washington legal proceedings gave that court jurisdiction in this matter.

This being a case tried without a jury, it is subject to Rule 73.01. The order of the trial court is to be sustained on appeal "unless there is no substantial evidence to support it, unless it is against the weight of evidence, unless it erroneously declares or applies the law." *Trapani v. Trapani,* 684 S.W.2d 500, 502 (Mo.App.1984).

■ At the request of respondent, the trial court made written findings and conclusions. They are a part of the legal file. Nevertheless, appellant does not direct any

claim of trial court error to any specific finding or conclusion of the trial court. Rather, appellant, by two stated "points relied on," challenges (1) the ultimate determination of the trial court that, notwithstanding the written agreement of the parties that from and after September 1, 1984, appellant would owe no more child support to respondent, there now remains due and owing $30,872.94; and (2) the trial court's authority to do anything other than grant "full faith and credit" to the 1984 determination by the Superior Court of the State of Washington that no child support would thereafter be owed by appellant to respondent. It is within the constraints of the points presented by appellant's trial brief that this case is reviewed. *Dowlin v. Western Cas. & Sur. Co.,* 592 S.W.2d 486, 488 (Mo.App.1979). Any issue presented and decided by the trial court, other than those identified by appellant's points relied on is not reviewed in that, by not posing such issues in appellant's brief on appeal, the issues are abandoned. *Jones v. Eagan,* 715 S.W.2d 596 (Mo.App.1986).

Further, as was explained in considerable detail in *Thummel v. King,* 570 S.W.2d 679, 685 (Mo. banc 1978), and recently emphasized by this court in *Bentlage v. Springgate,* 793 S.W.2d 228, 229–30 (Mo. App.1990), Rule 84.04 prescribes the necessary content for "points relied on" in appellate briefs. *Bentlage,* at 229, states:

> Three things are required with respect to points relied on: (1) a statement of the action or ruling of the trial court about which the party complains; (2) a statement that specifies why the ruling was erroneous; and (3) a statement informing the appellate court wherein the evidence at trial supports the position the party asserts the trial court should have taken.

■ Appellant's first point relied on states:

> Dismissal with prejudice filed by Kenneth H. Dycus;
> Dismissal with prejudice filed by Linda F. Dycus;
> Satisfaction of Judgment filed by Linda F. Dycus.

---

**2.** There is no copy of a "Dismissal With Prejudice" with respect to the Jasper County lawsuit included in the legal file or filed with this court as a trial exhibit. The legal file does contain copies of docket sheets from the Circuit Court of Jasper County that show the following entries on May 31, 1985:

The trial court erred in finding and concluding that appellant father owed respondent mother $30,872.94 for the period of September 1, 1984, through August 1, 1989, for the reason that (a) respondent mother in the stipulation dated August 29, 1984, agreed the future value of the child support, as then set by the Circuit Court of Jasper County, through the anticipated emancipation dates of the two children was included in the value of the real property transferred to her as a result of that stipulation and (b) the stipulated agreement between the two parties was not unconscionable and (c) respondent mother did not thereafter get the Jasper County Court to determine the consideration was inadequate or that appellant father should pay additional support.

This point on appeal is directed to the trial court's determination of the amount appellant owes respondent by reason of the original decree. It seems to state that the ruling was erroneous because it is not in accord with the terms of the written agreement the parties executed in connection with litigation between the two of them in the State of Washington. The point does not, however, inform this court of what ruling appellant contends the trial court should have made and what evidence or legal principle should have been, but was not, relied upon by the trial court. Or, stated otherwise, appellant's first point relied on does not clearly state "wherein" the trial court's ruling is erroneous. Rule 84.04(d). See the discussion in *Thummel v. King, supra,* at 685. The trial court did, however, address the issue of the enforceability of the agreement that appellant asserts as the basis for trial court error. Therefore, notwithstanding that appellant's first point on appeal does not present a model of compliance with Rule 84.04(d), since the complaint made by appellant is discernible, it is hereafter determined on its merits.

■ In its "Conclusions of Law," the trial court held:

. . . . .

2. **That the decree of August 11, 1975 remains unmodified by the Court, is not disputed.** However, the seminal issue urged by Petitioner–Movant is whether Petitioner acquiesced by signing a document which waived future child support payments. **A father and mother are not authorized to compromise future child support payments.** *Rogers [Rodgers] v. Rogers [Rodgers],* 505 S.W.2d 138, 144 (Mo.App.1974); *Hart v. Hart,* 539 S.W.2d 679, 682 (Mo.App.1976); *Haynes v. Haynes,* 648 S.W.2d 895, 896 (Mo.App.1983); and *Loveland v. Henry,* 700 S.W.2d 846, 849 (Mo.App.1985). (Emphasis added by bold face print).

As is correctly pointed out by respondent's brief, "It is abundantly clear that the parties to an action for dissolution of marriage cannot contract away their children's right to receive future child support under Missouri law." [Citing *Holt v. Holt,* 662 S.W.2d 578, 580 (Mo.App.1983)]. Appellant's attempt to avoid his obligation for child support that accrued after the date of the agreement between him and respondent fails.

Appellant, nevertheless, argues that the conveyance of the real estate in Washington to respondent was a "prepayment" of future child support. Respondent counters by pointing out the theory of having "prepaid" child support was not pursued by appellant at trial. That being so, "this Court will not, on review, convict a lower court of error on an issue which was not put before it to decide." *Lincoln Credit Co. v. Peach,* 636 S.W.2d 31, 36 (Mo. banc 1982).

At trial appellant relied on the defense of waiver by acquiescence. The trial court rejected that defense. Appellant has not pursued the issue of waiver by acquiescence on appeal.[3] That issue is deemed abandoned. *Jones v. Eagan, supra.* Appellant's first point on appeal is denied.

For his second point on appeal, appellant contends that respondent submitted herself to the jurisdiction of the courts of the State of Washington by entering into the agree-

---

**3.** Appellant is represented on appeal by different counsel than at trial.

ment with appellant that, by its terms, provided that appellant would owe no future child support and, therefore, since that agreement is part of a proceeding in the Superior Court of the State of Washington, the agreement is entitled to "full faith and credit" by Missouri courts.

Appellant cites two cases in support of his second point on appeal. He cites *State of Minn., Marshall County v. Bybee*, 744 S.W.2d 511 (Mo.App.1988), and *McAllister v. Garrett*, 591 S.W.2d 31 (Mo.App.1979). Neither case is helpful to him.

 Notwithstanding that U.S. Const. art. IV, § 1 requires each state to give full faith and credit to judicial proceedings in every other state, it is not applicable in this case. To contend that the State of Washington had jurisdiction over the subject matter of child support in the Missouri dissolution case stretches beyond the bounds of judicial creativity. However, even if that position could be maintained, there is no judgment from the Washington court. As stated in *Bybee*, l.c. 513, "*Judgments* rendered by a sister state must be given full faith and credit unless there was a lack of jurisdiction over the subject matter, a failure to give notice or fraud in the procurement of the judgment." (Emphasis added). There was no judgment entered by the Superior Court of Thurston County. No judicial determination was made in Washington. The action that respondent brought in the State of Washington was one seeking to set aside a fraudulent conveyance. It was dismissed pursuant to the agreement made between the parties. That agreement was filed as a stipulation in the Washington case. The terms of the agreement are not the product of any judicial determination. That agreement, or stipulation, does not constitute a judgment.

*McAllister v. Garrett, supra,* cited by appellant, holds that a collateral attack upon a judgment generally cannot be made "where the absence of jurisdiction does not appear upon the record." *Id.* at 32. There was no judgment from the State of Washington. There being no judgment, there was no way that one could have been collaterally attacked. *McAllister* is not on point. Appellant's second point is denied.

The judgment of the trial court is affirmed.

FLANIGAN, C.J., and HOGAN, J., concur.