Mohammed A. KABIR, M.D., Appellant,

v.

MISSOURI DEPARTMENT OF SOCIAL
SERVICES, et al., Respondents.

No. WD 46140.

Missouri Court of Appeals,
Western District.

Jan. 12, 1993.

Robert P. Baine, Jr., Florissant, for appellant.

William L. Webster, Atty. Gen., Christine A. Alsop, Asst. Atty. Gen., Jefferson City, for respondents.

Before FENNER, P.J., and TURNAGE and KENNEDY, JJ.

TURNAGE, Judge.

Mohammed A. Kabir filed suit against the Missouri Department of Social Services for breach of contract. Also named as defendants were John Dye and Michael V. Reagan. The court sustained a motion to dismiss apparently on the theory that the suit was barred by sovereign immunity. Kabir appeals and contends that sovereign immunity is not applicable. Affirmed in part and reversed in part.

Kabir is a medical doctor. He was a provider as defined in § 208.164.1(8), RSMo 1986, to provide services to eligible persons. In *Kabir v. Missouri Dept. of Social Services,* 782 S.W.2d 706 (Mo.App.1989), this court affirmed a finding by the Administrative Hearing Commission that the Department had improperly terminated Kabir's participation in the Title XIX (Medicaid) Physician's Service program. Thereafter, Kabir filed this suit against the Department alleging a breach of contract and seeking actual and punitive damages.

In addition to the Department, Kabir named Michael Reagan and John Dye, an investigator with the Department, as defendants. Service of process was never completed as to Reagan and he is not a party to this suit. A motion to dismiss on behalf of Dye was filed and the court sustained that motion. However, Kabir makes no allegation of error on this appeal of the dismissal of Dye. When an issue is pre-

sented and decided by the trial court, an appellant abandons any claim of error as to an issue not raised in its points relied on in its appellant's brief. *Dycus v. Dycus*, 806 S.W.2d 750, 752[1] (Mo.App.1991). By failing to raise any issue concerning the dismissal of Dye in his points relied on, Kabir has abandoned any claim of error concerning the dismissal of his suit against Dye.

The Department filed a motion to dismiss and took the position that it had not entered into a contract with Kabir and that Kabir's suit was barred by sovereign immunity. Although the trial court sustained the motion to dismiss without assigning a reason, it would appear that the dismissal was based on a finding of sovereign immunity.

 In its brief on this appeal, the State has changed its position and now concedes that the Department did enter into an agreement with Kabir. The State further concedes that under *V.S. DiCarlo Constr. Co., Inc. v. State*, 485 S.W.2d 52, 54[1, 2] (Mo.1972), sovereign immunity does not bar Kabir's suit. In *DiCarlo*, the court held that, "when the State enters into a validly authorized contract, it lays aside whatever privilege of sovereign immunity it otherwise possesses and binds itself to performance, just as any private citizen would do by so contracting." *Id.*

Having conceded that the Department entered into an agreement with Kabir, the Department states that the judgment should be reversed and the cause should be remanded for trial to adjudicate the liability of the Department and the amount of damages, if any. The position of the State is justified because the petition seems to state a cause of action for breach of contract.[1]

 Kabir argues on this appeal that the court erred in denying his motion for summary judgment. It is well settled that the denial of a motion for summary judgment is not subject to appellate review. In *Farmers and Merchants Ins. Co. v. Colog-*

*na*, 736 S.W.2d 559, 569[11] (Mo.App.1987), the court held that this principle applies even when an appeal is taken from a final judgment and not from the denial of a motion for summary judgment. In this case, the appeal was taken from a final judgment and not from the denial of the summary judgment. Thus, the denial of Kabir's motion for summary judgment is not subject to appellate review under the holding in *Cologna.*

The judgment of dismissal entered in favor of Dye is affirmed. The judgment of dismissal as to the Department of Social Services is reversed and this cause is remanded for further proceedings as to the Department.

All concur.

---

1. It appears that the petition states a cause of action for breach of contract, however no issue is raised on this appeal concerning the validity of any particular part of the petition. No view is expressed as to the adequacy of the petition and the trial court is free to consider whatever questions may be raised about the petition or any part thereof.