Thomas TROTTER and Madeleine Trotter, Appellants,

v.

William DISTLER and Margaret Distler, Respondents.

No. ED 90352.

Missouri Court of Appeals, Eastern District, Division Five.

Sept. 2, 2008.

Arthur Muegler, Jr., St. Louis, MO, for appellants.

Thomas Plunkert, Leritz, Plunkert & Bruning, St. Louis, MO, for respondents.

NANNETTE A. BAKER, Chief Judge.

### Introduction

Thomas Trotter and Madeleine Trotter (Collectively, "Plaintiffs") appeal from a judgment and order of the Circuit Court of St. Louis County dismissing their petition against William Distler and Margaret Distler (Collectively "Defendants") for failure to comply with the court's order. We reverse and remand.

### Factual and Procedural Background

On March 7, 2006, Plaintiffs filed a four-count petition against Defendants. In Plaintiffs' petition, they alleged damages for serious, permanent and disabling injuries to Thomas Trotter's rotator cuff. Defendants filed an answer to the petition. On May 5, 2006, Defendants requested that Plaintiffs prepare and execute a medical authorization form to allow Defendants to obtain medical information about Thomas Trotter. Plaintiffs did not prepare and execute the medical authorization form. On October 11, 2006, Defendants sent a letter to Plaintiffs, requesting Plaintiffs to prepare and sign the medical authorization form. Plaintiffs signed the form, which allowed Defendants to obtain copies of medical records and invoices from a Dr. Martin and St. John's Mercy Medical Center. On January 29, 2007, Defendants sent another request for Plaintiffs to sign a medical authorization directed to Dr. Joseph Kennington. On January 30, 2007, Defendants filed a motion to compel discovery, which was set for a hearing on April 25, 2007.

On March 15, 2007, Plaintiffs amended their petition to remove their original claim for personal injury as actual damages. The trial court held a hearing on April 25, 2007 on Defendants' motion to compel and ordered Plaintiffs to execute medical authorization forms supplied by Defendants within 10 days. On May 1, 2007, Plaintiffs executed a medical authorization form supplied by Defendants but with a limitation inserted by Plaintiffs. On May 29, 2007, Defendants filed a motion for sanctions claiming that by inserting the limiting language in the medical authorization form, Plaintiffs had failed to produce as ordered by the court. On June 14, 2007, the trial court heard oral arguments on Defendants' motion for sanctions and sustained the motion. The trial court ordered Plaintiffs to "reimburse [Defendants] $330.00 for failure to provide an executed medical authorization as provided, as ordered." The court further or-

dered Plaintiffs "to execute said authorization within 5 days." Plaintiffs delivered an executed medical authorization to Defendants on June 15, 2007. However, Plaintiffs did not reimburse Defendants as ordered by the court.

On July 26, 2007, Defendants filed a motion to dismiss for Plaintiffs' failure to reimburse Defendants as ordered the court. A hearing was set for August 22, 2007. Plaintiffs failed to appear at the hearing and the court granted the motion to dismiss for Plaintiffs' failure to comply with its June 14, 2007 order. Plaintiffs appealed. Plaintiffs claim five points on appeal. The principal issue on appeal is whether the trial court abused its discretion in granting Defendants' motion to dismiss Plaintiffs' cause of action.

### Standard of Review

■■■ A trial court has discretion in the choice of remedies in response to the failure to disclose evidence or witnesses during discovery. *Wilkerson v. Prelutsky*, 943 S.W.2d 643, 648 (Mo. banc 1997). We may disturb the trial court's discovery sanctions decision only upon a clear showing of abuse of discretion. *Zimmer v. Fisher*, 171 S.W.3d 76, 79 (Mo.App. E.D. 2005). "Judicial discretion is abused when the trial court's ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *Wilkerson*, 943 S.W.2d at 648 (internal quotation marks omitted) quoting *Anglim v. Missouri Pacific R.R.*, 832 S.W.2d 298, 303 (Mo. banc 1992). We have previously concluded that "[a]ny Rule 61.01 sanction

in excess of that which is necessary to accomplish the purposes of discovery may be an abuse of discretion." *J.B.C. v. S.H.C.*, 719 S.W.2d 866, 872 (Mo.App. E.D. 1986).

### Discussion

We will discuss Plaintiffs' third point first because it is dispositive of the present appeal. In their third point, Plaintiffs claim that the trial court abused its discretion in entering the August 22, 2007 sanctions order for the following reasons: Defendants' unverified motion to dismiss did not allege prejudice from Plaintiffs' failure to produce; Defendants did not suffer any prejudice; Defendants offered no evidence of "prejudice" or "contumacious disregard of the courts authority;" the court did not conduct an evidentiary hearing; the court did not make required findings of prejudice and "contumacious disregard for the court's authority"; there was no failure to produce documents to justify the dismissal; and, Defendants' motion was not properly before the trial court since Defendants failed to file a "Certificate of Attempt to Resolve."

Plaintiffs argue that Defendants failed to carry their requisite burden of alleging and proving "prejudice" and "contumacious disregard for the court's authority" and as such, the trial court should not have sustained Defendants' motion for sanctions. Additionally, Plaintiffs argue that the trial court should not have entertained Defendants' motions because Defendants failed to file a "Certificate of Attempt to Resolve" before moving for sanctions as required by Local Rule 33.5.[1]

---

1. Local Rule 35.5 states, "The Court will not hear oral argument nor take under submission any ... motions for sanctions to enforce discovery unless there is filed with the Court, together with the notice of hearing, a certifi- cation signed by the attorney for the party calling for the hearing which states that he has attempted to discuss the matter with opposing counsel in a good faith effort to resolve the disputed issues."

Generally, before "imposing sanctions on an errant party, the trial court must first determine whether, in a particular situation, the opposing party was prejudiced." *Norber v. Marcotte*, 134 S.W.3d 651, 659 (Mo.App. E.D.2004). Additionally, dismissal of an action should be ordered "only in extreme situations showing 'a clear record of delay or contumacious conduct' by a party." *Foster v. Kohm*, 661 S.W.2d 628, 632 (Mo.App. E.D.1983). The burden is on the moving party to prove the allegations of a motion for sanctions for failing to cooperate in discovery matters. *Norber*, 134 S.W.3d at 659.

"The rules of civil procedure are 'rules of practice and procedure to promote the orderly administration of justice.' When properly adopted, the rules of court are binding on courts, litigants, and counsel, and it is the court's duty to enforce them." *Sitelines, L.L.C. v. Pentstar Corp.*, 213 S.W.3d 703, 707 (Mo.App. E.D.2007) (internal citations omitted).

As a preliminary matter, the trial court dismissed Plaintiffs' action for failure to reimburse Defendants $330.00 as ordered by the court. At the time of the dismissal, Plaintiffs had cured the discovery defect that led to the $330.00 sanction: Plaintiffs had executed the medical authorization form as provided and within the prescribed time frame. Therefore, the sanction of dismissal was solely for the Plaintiffs' failure to reimburse Defendants.

Defendants' motion to dismiss did not allege any prejudice to Defendants as a result of Plaintiffs' failure to pay $330.00 as ordered by the court in its June 14, 2007 order. Nor did the motion allege any contumacious disregard for the trial court's authority. The motion simply stated that because Plaintiffs had failed to reimburse the Defendants, their (Defendants') petition should be dismissed.[2] The parties agree that the trial court did not make the required findings of prejudice and contumacious disregard. However, Defendants argue that a determination of those requirements should be inferred from the trial court's ruling. Defendants also concede that they did not file a "Certificate of Attempt to Resolve" with the court before filing a motion for sanctions as required by the court's own Rule 33.5.

Given that the only conduct that triggered the sanction of dismissal was Plaintiffs' failure to reimburse Defendants, we find that the trial court abused its discretion under the circumstances of this case. The court did not hold an evidentiary hearing to determine what evidence supported the allegations in Defendants' motion to dismiss. In addition, the record does not show that the court made any findings of prejudice suffered by Defendants and/or whether Plaintiffs had contumaciously and deliberately failed to pay the $330.00 ordered by the court.

■ Most importantly, Plaintiffs argue, and we agree, that the trial court's June 14, 2007 order was not specific as to when Plaintiffs were required to reimburse Defendants and what would constitute the penalty for non-compliance.

"A discovery order which purports to be self-enforcing will be strictly construed. The imposition of sanctions without notice must be approached with caution because there are frequently two sides of an event which is alleged to trigger the self-effectuating discovery sanctions. Therefore, unless the conduct which is to trigger the sanctions is specifically expressed in clear and unequivocal

---

**2.** Plaintiffs failed to appear at that hearing and we do not have the benefit of a transcript of what Defendants argued before the trial court at the August 22, 2007 hearing on Defendants' motion to dismiss.

terms and unless the sanctions themselves are spelled out with specificity, a danger exists that the party or parties against whom the order is entered will not understand what conduct is required for compliance and will not be apprised of the consequences for noncompliance." *Hammons v. Hammons,* 680 S.W.2d 409, 411 (Mo.App. E.D.1984).

■ In the present case, the trial court's June 14, 2007 order only directed Plaintiffs to reimburse Defendants $330.00 for failure to execute the medical authorization form. The order did not set a deadline by which the sum was to be paid nor did it state what would constitute the penalty for non-compliance. Without some specificity as to what would constitute compliance, failure to reimburse Defendants in the six-week period between the order date and the date of Defendant's motion to dismiss can hardly qualify as a disregard of the court's authority.

In addition, the court violated its own rule by hearing oral arguments and taking the Defendants' motion under submission without requiring Defendants to file a "Certificate of Attempt to Resolve." Defendants have not shown that they attempted to collect the $330.00 or to resolve the issue with Plaintiffs before filing the motion to dismiss. This may account for why there was no "Certificate of Attempt to Resolve" before the court as required by the court's own rules.

Lastly, the sanction imposed by the court appears to be in excess of what was necessary to further the goals of discovery. Plaintiffs had already executed the medical authorization form as ordered by the court so that there was nothing preventing the trial from proceeding on its normal course. The trial court could have ordered Plaintiffs to reimburse Defendants immediately or within a certain time frame under the threat of dismissal or it could have imposed additional monetary sanctions to be paid by a date certain. Dismissal, under the circumstances of this case, was drastic and excessive.

Defendants cite to *Shahab v. Ryan's Family Steak Houses, Inc.,* 184 S.W.3d 605 (Mo.App. E.D.2006) and *Jones v. Eagan* 715 S.W.2d 596 (Mo.App. E.D.1986) for the proposition that failure to pay monetary sanctions alone is sufficient grounds for dismissal. However, *Shahab* is a *per curiam* order and as such, has no precedential value.

In addition, this case can be distinguished from *Jones* because the plaintiff in *Jones* never answered discovery requests, nor did he pay the $100.00 sanction for failing to respond to discovery as ordered by the court. *Id.* at 597. Furthermore, the plaintiff failed to offer any justification or excuse for his failure to comply with the court's order to compel discovery or pay the sanction. *Id.* In the case before us, Plaintiffs have not only cured the discovery defects but have also offered the absence of a temporal limitation in the court's June 14, 2007 order as an excuse for their failure to reimburse Defendants at the time of dismissal. Accordingly, under facts of the case before us, *Shahab* and *Jones* do not support Defendants' proposition. Point III is granted.

### Conclusion

We find that the trial court abused its discretion when it dismissed Plaintiffs' cause of action for failure to comply with a court order. The case is reversed and remanded for further proceedings consistent with this opinion.

CLIFFORD H. AHRENS, and PATRICIA L. COHEN, JJ., concur.