

# Missouri Court of Appeals

### Southern District

### Division Two

In re the Marriage of Krista Lea Chapman )
and Darren Lynn Chapman )
                                                )

KRISTA LEA CHAPMAN, )
                                                )

    Petitioner-Appellant, )

vs. )                     **No. SD34073**

DARREN LYNN CHAPMAN, )            **Filed:** November 16, 2016

    Respondent-Respondent. )

APPEAL FROM THE CIRCUIT COURT OF SCOTT COUNTY

Honorable Scott E. Thomsen, Special Judge

**<u>AFFIRMED</u>**

Krista Lea Chapman ("Mother") sent a "relocation letter," pursuant to section 452.377,[1] to Darren Lynn Chapman ("Father") and Father filed a formal objection to the relocation. The court held a hearing on Mother's relocation and on Mother's motion to modify a prior custody order and motion for contempt. In this appeal, Mother appeals from the denial of her request to relocate and her motion to modify the prior custody order. She claims in her first point that the trial court abused its discretion in denying her request to relocate because Father failed to timely

---

[1] All references to statutes are to RSMo 2000, unless otherwise indicated.

object by affidavit within thirty days and the thirty-day period cannot be waived.  In her second point, Mother claims the trial court "abused its discretion" because her request to relocate was made in good faith and was in the children's best interest and the denial was "not supported by substantial evidence and was against the weight of the evidence."[2]  Mother's third point challenges the denial of her motion to modify, which would have awarded her sole legal and physical custody and made Father's parenting time supervised.  We find no error and affirm the judgment of the trial court.

We commence with a discussion of section 452.377.7. This section provides:

> 7.  The residence of the child may be relocated sixty days after providing notice, as required by this section, unless a parent files a motion seeking an order to prevent relocation within thirty days after receipt of such notice.  Such motion shall be accompanied by an affidavit setting forth the specific factual basis supporting a prohibition of the relocation. . . . .

Mother claims that she sent a letter to Father by certified mail dated October 23, 2014, that she was going to move the children on or about December 26, 2014.  The letter was received by Father's new wife on November 21, 2014.  Father filed his objections on December 23, 2014, without filing an affidavit setting forth the specific factual basis supporting a prohibition of the relocation.  Mother did not argue that she had an "automatic right to move" until after the hearing on the motion to modify; however, the trial court found that Mother "waived any issue of [Father's] failure to comply by not raising it prior to or at trial and instead proceeding with the hearing on the merits of her proposed relocation."  The court also noted that Mother failed to present evidence regarding her relocation notice compliance and failed to argue or assert Father's failure to object within thirty days.  Mother now claims that after the thirty days passed without a

---

[2] Mother posits three different claims of error in this point.  The crux of her argument, however, appears to be that the denial was not supported by substantial evidence.  We will address this point with that in mind.

formal objection by Father, she had an absolute right to relocate the children without permission of the non-relocating parent or the court and that right was not waivable.

Mother's argument that neither she, nor the court, could waive the right to relocate does not make legal or common sense. Mother was not legally obligated to move even after she sent the letter to Father; she could not have been been forced to move by the court or by Father. Clearly, Mother had the right to waive (or change) her decision to move. In fact, Mother did not move on the date that she claimed she was going to move. The parties engaged in many hearings and cross-motions, including motions to modify the previous custody agreement. The trial court ultimately found that the motion was made in good faith but not in the best interest of the children. Mother has presented no case that the trial court did not have the jurisdiction to resolve that issue if Mother had waived her complaint or if the court extended the time for Father to file his objection. Furthermore, as noted in ***In re the Marriage of Abraham***, 352 S.W.3d 617, (Mo.App. S.D. 2011) (en banc):

> Mother's contention that the trial court could not even consider Father's Motion to Prohibit Relocation because it was untimely would provide a rare situation in that the trial court could not extend a filing deadline for filing of a pleading or could not consider the facts in a child custody case for any reason. *See Weaver v. Kelling*, 53 S.W.3d 610, 616–17 (Mo.App. W.D.2001) (Mother's failure to give notice pursuant to section 452.377 was not required when Father received actual notice in the filing of motions to modify visitation, had an opportunity to challenge the relocation, and did not suffer any prejudice as a result of the failure to follow the technical requirements of the statute.); *Crawford v. Crawford*, 986 S.W.2d 525, 527–28 (Mo.App. W.D.1999) (Mother held to have actual notice even though Father failed to serve Mother or her attorney in compliance with Rule 43.01(a), as attempted service was dated fifteen days before a countermotion was filed. The court noted the "spirit behind procedural rules such as Rule 43 is to '... ensure the orderly resolution of disputes and to attain just results. They are not ends in themselves. For this reason we do not generally consider noncompliance with rules or statutory procedures to warrant reversal in the absence of prejudice.' "); *Macon–Atlanta State Bank v. Gall*, 666 S.W.2d 934, 940 (Mo.App. W.D.1984) (lack of written notice in a foreclosure proceeding required by section 443.325.3 did not prejudice appellant who had actual notice of the sale); *Heintz v. Woodson*,

758 S.W.2d 452, 453 (Mo. banc 1988) (noncompliance with the notice requirements of Rules 76.17 and 43.01(g) did not warrant reversal because appellant had actual notice of the sale, was present at the sale, and suffered no prejudice by the failure to follow the technical rule requirements); *McAllister v. Garrett*, 591 S.W.2d 31, 33–34 (Mo.App. S.D.1979) (appellant was not prejudiced when the technical requirements of section 443.270 were not followed during a sheriff's sale and a general execution was issued when a special execution was called for by statute); *see also Woodley–Griggs Boiler Repair, Inc. v. Sanders*, 626 S.W.2d 410, 412 (Mo.App. W.D.1981) (citing *McAllister*, 591 S.W.2d at 33–34 for discussion on section 443.270, appellant was not prejudiced when a general execution was issued but a special execution was called for by the technical requirements of the statute).

*Id.* at 618 n.3. As the concurring opinion noted:

the requirements for the initial notice, a motion and affidavit opposing relocation and required response merely provide a mechanism for promptly framing the merits of the relocation issue for the parties and the trial court. . . .
> "Procedural rules are but the means through which we seek to ensure the fair and orderly resolution of disputes and to attain just results. They are not ends in themselves. For this reason, we do not generally consider noncompliance with rules or statutory procedures to warrant reversal in the absence of prejudice."

*Id.* at 622 (Bates, J., concurring) (quoting **Heintz v. Woodson**, 758 S.W.2d 452, 454 (Mo. banc 1988)). Point I is denied.

Mother's second point, as we have determined it to be, is that substantial evidence does not support the court's finding that it is not in the best interest of the children to relocate. The problem with Mother's claim is that she had the burden of proving that the proposed location is in the best interest of the children. Section 452.377.9. As such, the court could believe all, none or some of her evidence. **In re T.L.B.**, 376 S.W.3d 1, 10, 13 (Mo.App. S.D. 2011). In this case, the court made findings that Father was an active parent and allowing a move ten hours away from Father would substantially decrease the amount of time Father would receive with the children, thereby severely limiting his role as Father. The court found the children had strong relationships with many people in Missouri and that both parents were restrictive in their

4

encouragement of allowing a continuing and meaningful contact with the other parent. All of those findings are supported by the record. Point II is denied.

Mother's third point is basically the same argument regarding the evidence to support a modification of the previous custody order to allow Mother to move ten hours from Father. Under our standard of review, we must note the evidence favorable to the judgment. *Id.* at 10. Although Mother had valid reasons for seeking a move to pursue better employment and a better life for the children and, thus, a change in circumstances, the court was then tasked under section 452.410, the modification of custody statute, with the job of determining whether the move was in the best interest of the children. The same analysis as under the relocation statute was, thus, necessary. Although Mother cites evidence regarding Father's parenting, as noted, the court was free to disregard such evidence and we must also disregard that evidence. The trial court noted two parents who do not cooperate with each other and who both possibly have issues with substance abuse and attempted to determine what was best for the children. In this case, the trial court determined that the status quo was best for the children and denied the motion to modify. Substantial evidence supports that decision. Point III is also denied.

The judgment is affirmed.


Nancy Steffen Rahmeyer, J. - Opinion Author

Daniel E. Scott, J. - Concurs

William W. Francis, Jr., J. - Concurs